UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>JAMBA JUICE COMPANY, et al.,<br><br>       Defendants. | Case No. 13-cv-02998-JST<br><br>**ORDER DENYING MOTION TO DISMISS; VACATING CASE MANAGEMENT CONFERENCE; SETTING DEADLINE FOR CLASS CERTIFICATION MOTION**<br><br>Re: ECF No. 11 |

## I.  INTRODUCTION

Defendants Jamba Juice Company and Inventure Foods, Inc. ("Defendants") have moved to dismiss the complaint in this action. ECF No. 11. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the parties' briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument. The hearing on this matter, currently scheduled for November 21, 2013, is hereby VACATED.

## II.  BACKGROUND

### A.  Factual Background[1]

Defendants produce frozen smoothie kits, which are labeled as "all natural" and are available in five flavors: Mango-A-Go-Go, Strawberries Wild, Caribbean Passion, Orange Dream Machine and Razzmatazz. ¶¶ 2-3. Plaintiff Aleta Lilly purchased Strawberries Wild smoothie kits from approximately March 2010 to approximately November 2012, and purchased Caribbean Passion smoothie kits from approximately July 2011 to approximately November 2012. ¶ 12. Plaintiff David Cox purchased Caribbean Passion smoothie kits "within the last three years." ¶ 13. Both plaintiffs allege that they relied on Defendants' representations that the products were "all

---

[1] On a motion to dismiss, the Court takes the facts in this paragraph from Plaintiffs' complaint.

natural," but that the products did not contain only "all natural" ingredients, and that they would not have been purchased the products, or paid less for them, if they had known that fact. ¶¶ 12-13.

### B.   Procedural History

Plaintiffs Lilly and Cox filed a proposed class action complaint in this action in June 2013. The complaint brings causes of action under the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and for breach of warranty pursuant to Cal. Comm. Code § 2313. ¶¶ 42-70. The complaint indicates that Plaintiffs will seek certification of a class comprised all persons who purchased any one or more of the five smoothie kit products. ¶ 33.

### C.   Jurisdiction

Plaintiffs assert, and Defendants do not dispute, that Plaintiffs and class members are of diverse citizenship from Defendants, there are more than 100 class members nationwide, and the aggregate amount in controversy exceeds $5,000,000. Therefore, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## III.   ANALYSIS

Defendants have moved to dismiss certain claims in the complaint on two grounds. First, Defendants argue that the named plaintiffs lack Article III standing to assert claims related to the Orange Dream Machine smoothie kit because they did not purchase it and it is not substantially similar to the products they did purchase. Second, Defendants argue that the Plaintiffs lack statutory standing under the CLRA to bring actions related to the Orange Dream Machine smoothie kit, for similar reasons.

For reasons more fully explained in the undersigned's order in Clancy v. Bromley Tea Co., the Court does not lack subject-matter jurisdiction over this action because the named plaintiffs did not purchase all of the same products as members of the class they propose to represent. No. 12-cv-03003-JST, 2013 WL 4081632, at *3-6 (N.D. Cal. Aug. 9, 2013); see also Greenwood v. Compucredit Corp., No. 08-cv-04878 CW, 2010 WL 4807095, at *3 (N.D. Cal. Nov. 19, 2010) ("'Representative parties who have a direct and substantial interest have standing; the question

whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.'") (quoting 7AA Wright et al., Federal Practice and Procedure (3d.2005) § 1758.1 pp. 388–89).

The Ninth Circuit's "[standing] law keys on the representative party, not all of the class members, and has done so for many years." Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1021 (9th Cir. 2011) cert. denied, 132 S. Ct. 1970 (U.S. 2012); see also Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (en banc) ("[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements"). This is true whether or not the products are "substantially similar." "Whether products are 'sufficiently similar' is an appropriate inquiry, but it does not relate to standing: a plaintiff has no more standing to assert claims relating to a 'similar' product he did not buy than he does to assert claims relating to a 'dissimilar' product he did not buy." Clancy, 2013 WL 40816323, at * 5. (Moreover, even if this Court were to apply the "substantial similarity" test, Plaintiffs would pass, since the products are similar varieties of the same basic consumer offering, and the presence of a single additional ingredient at issue does not render the products significantly dissimilar.)

Plaintiffs do not have standing to assert claims related to products they did not buy. But they may seek to represent a class of people who purchased those products, as long as all plaintiffs, named and absent, have standing in their own right, and as long as the prerequisites to class certification are satisfied. Defendant does not dispute that Plaintiffs have standing to bring claims related to the products they did purchase.

As for standing under the CLRA, while the cases cited by Defendants involved class actions, the passages cited by Defendants in their motion were discussing whether a *named* plaintiff had alleged reliance and materiality as to his or her *own* claims. Motion 4:25-5:14 (citing Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009); Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007); Caro v. Procter & Gamble Co., 18 Cal.App.4th 644, 668 (Cal. Ct. App. 1993)). Defendants do not dispute that Plaintiffs have CLRA standing in their own right as to the products they purchased. Defendants have therefore failed to

1 meet their burden of showing that the CLRA's standing requirements compel dismissal of the
2 CLRA claim asserted in the complaint.
3 The question of whether Plaintiffs may represent the proposed class will be addressed at
4 class certification.

## IV. CONCLUSION

Defendant's motion to dismiss is DENIED.

The Court agrees with the parties that it would be appropriate to set deadlines in this case after the Court rules on any motion for class certification. See Joint Case Management Statement 7:3-6, ECF No. 21. Accordingly, the case management conference currently scheduled for November 21, 2013, is hereby VACATED. The Court hereby SETS February 3, 2014 as the deadline for Plaintiffs to file a motion for class certification. See id. at 5:18-21. The parties are ORDERED to move the Court to schedule a case management conference in this case not more than 30 days after the Court issues a class certification order.

**IT IS SO ORDERED.**

Dated: November 18, 2013

_____
JON S. TIGAR
United States District Judge