David B. Rosenbaum, AZ Bar No. 009819 *Admitted Pro Hac Vice*
Maureen Beyers, AZ Bar No. 017134 *Admitted Pro Hac Vice*
James K. Rogers, AZ Bar No. 027287 *Admitted Pro Hac Vice*
Anna H. Finn, AZ Bar No. 026738 *Admitted Pro Hac Vice*
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
mbeyers@omlaw.com
jrogers@omlaw.com
afinn@omlaw.com

Robert S. Niemann (State Bar #87973)
KELLER AND HECKMAN LLP
One Embarcadero Center, Suite 2110
San Francisco, California 94111
Telephone: 415-948-2800
Facsimile: 415-948-2808
niemann@khlaw.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>Defendants. | Case No. 3:13-cv-02998-JST<br><br>**CIVIL LOCAL RULE 79-5 DECLARATION OF JAMES K. ROGERS RE CONFIDENTIALITY OF PROPOSED SEALED DOCUMENTS**<br><br>Complaint Filed: June 28, 2013<br>Trial Date: None Set |

Pursuant to Civil Local Rule 79-5(d) of the Northern District of California, I, James K. Rogers, hereby declare as follows:

1. I am an attorney at the law firm of Osborn Maledon, P.A., counsel for Defendants Inventure Foods, Inc. ("Inventure") and Jamba Juice Company ("Jamba Juice"). I am licensed to

practice before all of the Courts of the State of Arizona, and am admitted to practice before this Court pro hac vice.

2. On November 14, 2012, the Court entered a Modified Stipulated Protective Order ("Order") in the related case of *Anderson v. Jamba Juice Company*, 3:12-cv-01213-JST (Dkt. No. 60) which allowed the parties to designate materials produced in discovery as "Confidential." The Order defined confidential information to mean

> Information (regardless of how it is generated, stored or maintained) or Items shall include any non-public material that the Producing Party reasonably, and in good faith, believes contains or reveals information of a personal nature, including but not limited to, Personal Identifying Information or Personal Health Information as defined by the Federal Trade Commission; trade secrets; confidential research, commercially sensitive information, including but not limited to financial information, product formulations and processes and/or other proprietary or sensitive information or know how that derives its value from secrecy. The parties agree that disclosure of such material to the public would cause the Producing Party, or Non-Parties identified therein, undo annoyance or embarrassment and provide Producing Party's or Non-Parties' competitors with an unfair competitive advantage.

(*Id.* at ¶ 2.2.) On February 3, 2014, the Court entered a stipulated protective order in this case that contains identical language (Dkt. No. 28).

3. The parties have stipulated that all discovery provided in the *Anderson* case is deemed as having been provided in this case and that the protective order filed in that case governs. Throughout discovery in *Anderson*, Inventure and Jamba Juice produced certain documents to the plaintiff that constituted confidential material as defined by the Order and designated the documents as such ("Confidential Documents"). Similarly, in response to interrogatories propounded by the plaintiff in *Anderson*, Inventure and Jamba Juice made reference to confidential information and designated their responses as confidential pursuant to the Order ("Confidential Information").

4. In conjunction with their Motion for Class Certification, Plaintiffs have filed an administrative motion to seal portions of their Motion for Class Certification because it quotes the Confidential Information and include as exhibits certain Confidential Documents. Plaintiffs' Administrative Motion lists three exhibits to Plaintiffs' Motion for Class Certification – Exhibits 13, 14, and 15.

Case No. 3:13-cv-02998-JST 2

5. Civil Local Rule 79-5(a) states that "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."

6. In *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that "compelling reasons" must exist to file under seal any document in connection with a dispositive motion. Explaining the standard, the court stated, "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Id*. In order to meet this standard, the litigants must come forth with specific reasons to justify the sealing of any record. *See id.*

7. Exhibit 13 to Plaintiffs' Motion for Class Certification contains Inventure's full response to the plaintiff's first set of interrogatories in *Anderson*, which contain Confidential Information. Inventure's interrogatory responses contain sensitive information about Inventure's internal personnel structure and its product development team, about internal policies regarding the approval and designation of products as "all natural," and about the preparation of product packaging. The responses also disclose sensitive information about Inventure's suppliers and about the provenance and composition of product ingredients and about the smoothie kit production process. This information is confidential and should be filed under seal.

8. Disclosure of this information would give an unfair competitive advantage to Inventure's competitors because it would reveal proprietary information about Inventure's products and production process that would allow them to change their production processes and marketing strategies to more effectively compete against Inventure. This kind of information is properly filed under seal. *See B2B CFO Partners, LLC v. Kaufman*, CV 09-2158-PHX-JAT, 2011 WL 6297930 at *2 (D. Ariz. Dec. 16, 2011) (finding "compelling reasons" to file under seal a document which "sets forth the internal structure of [a company], including information about the business's internal structure and operations"); *Selling Source, LLC v. Red River Ventures, LLC*, 2:09-CV-01491-JCM-GWF, 2011 WL 1630338 at *6 (D. Nev. Apr. 29, 2011) (finding "compelling reasons" to file under seal information about "corporate structure"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, CV 09-1531-PHX-JAT, 2011 WL 6182346 at *6

1  (D. Ariz. Dec. 13, 2011) (finding "compelling reasons" to file under seal information concerning "the development of certain products").

9. Inventure's Interrogatory Responses (Exhibit 13) also contain sensitive nonpublic financial information about the smoothie kit wholesale prices, net sales, gross profits, production costs, advertising costs, gross revenues, and net income. This nonpublic information is sealable because such information about Inventure's revenues, profits, sales, and costs would unfairly give competitors information about product strengths and weaknesses, sales trends, and pricing information that could be used to target their products and strategies against Inventure. Additionally, public release of such information could affect pricing in the market. Courts have held that such nonpublic information is properly sealable. *Lane v. Wells Fargo Bank, N.A.*, C 12-04026 WHA, 2013 WL 2627487 at *3 (N.D. Cal. June 11, 2013) (finding that the public disclosure of "detailed financial information" would put the disclosing party "at a competitive disadvantage"); *Arredondo v. Delano Farms Company*, 1:09-cv-01247-LJO-DLB at 3 (E.D. Cal. March 12, 2012) (explaining that disclosure of non-public financial information "could harm the parties' competitive standing in their respective industries" and that "the nature of the information in no way diminishes the public's ability to determine the nature of the proceedings or matters at issue in this litigation").

10. Exhibit 14 contains excerpts from a confidential internal Inventure PowerPoint presentation about marketing strategy and trends.

11. Exhibit 15 contains licensee approval forms executed by Jamba Juice that disclose confidential information about Inventure's marketing plans.

12. The information about marketing strategies, policies, and practices in Exhibits 14 and 15 are trade secrets, which should be filed under seal. Public disclosure of such information would give Inventure's competitors nonpublic information about Inventure's strategies and would give them an unfair competitive advantage. *See* Restatement (Third) of Unfair Competition § 39 cmt. d (1995) ("marketing techniques" included in trade secret subject matter); *Kamakana*, 447 F.3d at 1179. Moreover, such marketing information has been held to meet *Kamakana*'s "compelling reasons" standard. *See, e.g.*, *TriQuint*, 2011 WL 6182346 at *6 (sealing information disclosing internal strategy

about how to win sales and address customer concerns and sealing information regarding business strategy and market risks and opportunities).

13. Plaintiffs' Motion for Class Certification cites Confidential Information from Exhibits 13, 14, and 15. These citations refer to Defendants' product development process, marketing strategies, and sales figures. These citations in Plaintiffs' Motion for Class Certification are sealable for the same reasons that the Confidential Documents are sealable.

14. For the foregoing reasons, Plaintiffs' administrative motion to seal portions of their Motion for Class Certification should be granted. The proposed order submitted with Plaintiffs' Administrative Motion to Seal did not list which portions of Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification should be sealed. Accordingly, a corrected proposed order is attached to this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February, 2014 at Phoenix, Arizona.

                                         /s/ James K. Rogers
                                         James K. Rogers