UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JAMBA JUICE COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-02998-JST<br><br>**ORDER TO SHOW CAUSE WHY THE COURT DOES NOT LACK SUBJECT MATTER JURISDICTION** |

Plaintiffs Aleta Lilly and David Cox ("Plaintiffs") state in their complaint that "[t]his Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) . . . ." Class Action Complaint ("Complaint") ¶ 9, ECF No. 1.

Plaintiffs allege that jurisdiction under the Class Action Fairness Act ("CAFA") is proper because "Plaintiffs and Class members are of diverse citizenship from the Defendants; there are more than 100 Class members nationwide; and the aggregate amount in controversy exceeds $5,000,000." Id.  The complaint does not, however, make factual allegations demonstrating that Plaintiff's prayer actually places $5,000,000 in controversy. Id. at 13-14.

Furthermore, it appears that this action may be subject to the "local controversy" exception to CAFA. Under 28 U.S.C. § 1332(d)(4), the district court "*shall* decline to exercise jurisdiction" (emphasis added) pursuant to CAFA:

> (A)  (i) over a class action in which--
> 　　(I) greater than two-thirds of the members of all proposed plaintiff
> 　　classes in the aggregate are citizens of the State in which the action
> 　　was originally filed;
>
> 　　(II) at least 1 defendant is a defendant—
> 　　　(aa)  from whom significant relief is sought by members of the
> 　　　　plaintiff class;
> 　　　(bb)  whose alleged conduct forms a significant basis for the
> 　　　　claims asserted by the proposed plaintiff class; and
> 　　　(cc)  who is a citizen of the State in which the action was

>     originally filed; and
> (III) principal injuries resulting from the alleged conduct or any
>     related conduct of each defendant were incurred in the State
>     in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action,
>     no other class action has been filed asserting the same or
>     similar factual allegations against any of the defendants on
>     behalf of the same or other persons; . . . .

28 U.S.C. § 1332(d)(4)(A).

"[F]ederal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'" Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 976, n.12 (9th Cir. 2012)(quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Both parties are therefore ORDERED TO SHOW CAUSE: (1) why at least $5,000,000 is in controversy and the other requirements of CAFA jurisdiction are met, and (2) assuming CAFA jurisdiction is proper, why the Court is not required to decline jurisdiction pursuant to the local controversy exception.

The parties may note that the "local controversy" exception does not apply if, within three years of the action, another "class action has been filed asserting the same or similar factual allegations against any of the defendants." 28 U.S.C. 1332(d)(4)(A)(ii).[1] The Court is aware that Anderson v. Jamba Juice Co., No. 3:12-cv-01213-JST (filed in N.D. Cal. on Mar. 12, 2013) was filed within three years of this action. However, if Anderson is the only previous case that meets 28 U.S.C. § 1332(d)(4)(A)(ii)'s requirements, the parties should explain why allowing this requirement to defeat the "local controversy" exception in this case would be consistent with case law in the area and with the general purpose of the "local controversy" exception.[2]

---

[1] The fact that the "no previous class action" requirement is organized as subsection ii of § 1332(d)(4)(A) makes the statute a little nonsensical; it would seem that Congress should have organized it as subsection IV of § 1332(d)(4)(A)(1). Courts have generally referred to 28 U.S.C. § 1332(d)(4)(A)(ii) as one of "the Local Controversy Exception's four conjunctive parts," Dunn v. Endoscopy Ctr. of S. Nevada, No. 2:11-CV-00560-RLH, 2011 WL 5509004, at *3 (D. Nev. Nov. 7, 2011), and this appears to be the only sensible reading of the statute.

[2] As a starting point, see Levine v. Entrust Group, Inc., No. 12-cv-03959 WHA, 2013 WL1120695, at *3 (N.D. Cal. 2013) ("The purpose of the local-controversy exception is to leave to state courts those non-repetitive controversies that are isolated within the single state" and allow federal jurisdiction over cases that have been "filed and re-filed in order to find a favorable courtroom"). Anderson and Lilly have overlapping plaintiffs and bring essentially the same claims. Plaintiffs Lilly and Cox previously moved to consolidate the two cases into the same action, a request that was mooted by the parties' stipulated dismissal of the Anderson case. In

2

1    Each party shall file a response to this order within fourteen days of the date of this order.
2 The hearing on the motion for class certification remains on calendar for August 21, 2014, and the
3 briefing schedule for that motion remains unchanged.

4    **IT IS SO ORDERED.**

5 Dated: July 28, 2014

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

---

27 most important respects, Lilly appears to be the continuation of the suit Plaintiffs Lilly and Cox brought in Anderson. The filing of the two cases also does not appear to be part of an effort to
28 "find a favorable courtroom," since Plaintiffs Lilly and Cox also moved to relate the two cases before the undersigned.