1  Rosemary M. Rivas (State Bar No. 209147)
   rrivas@finkelsteinthompson.com
2  **FINKELSTEIN THOMPSON LLP**
   One California Street, Suite 900
3  San Francisco, California 94111
   Telephone: (415) 398-8700
4  Facsimile: (415) 398-8704

5  Marc L. Godino (State Bar No. 182689)
   mgodino@glancylaw.com
6  **GLANCY BINKOW & GOLDBERG LLP**
   1925 Century Park East, Suite 2100
7  Los Angeles, CA 90067
   Telephone: (310) 201-9150
8  Facsimile: (310) 201-9160

9  *Class Counsel*

10

11              **UNITED STATES DISTRICT COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**

13  ALETA LILLY and DAVID COX, on behalf of     Case No. 13-cv-02998 JST
    themselves and all others similarly situated,
14                                               **PLAINTIFF'S NOTICE OF MOTION AND**
                                                 **MOTION FOR PRELIMINARY APPROVAL**
15              Plaintiff,                       **OF CLASS ACTION SETTLEMENT FOR**
        vs.                                      **INJUNCTIVE RELIEF; MEMORANDUM OF**
16                                               **POINTS AND AUTHORITIES IN SUPPORT**
    JAMBA JUICE COMPANY and INVENTURE           **THEREOF**
17  FOODS, INC., formerly known as The Inventure
    Group, Inc.,
18                                               Date:        January 8, 2015
                Defendant.                       Time:        2:00 p.m.
19                                               Courtroom:   9, 19th Floor
                                                 Judge:       Hon. Jon S. Tigar
20

21

22

23

24

25

26

27

28

---

NOT. OF MOT. & MOT. FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT FOR
INJUNCTIVE RELIEF
CASE NO. 13-CV-02998 JST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS**</u>
<u>**ACTION SETTLEMENT FOR INJUNCTIVE RELIEF**</u>

**PLEASE TAKE NOTICE** that on January 8, 2015 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, before the Honorable Jon S. Tigar, Plaintiffs Aleta Lilly and David Cox ("Plaintiffs") will, and hereby do, move the Court for an Order Granting Preliminary Approval of Class Action Settlement for Injunctive Relief. The Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rosemary M. Rivas, the pleadings and all documents on file in this action, and such other matters as may be presented at or before the hearing.

DATED: December 1, 2014                Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: <u>/s/ Rosemary M. Rivas</u>
Rosemary M. Rivas
505 Montgomery Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

**GLANCY BINKOW & GOLDBERG LLP**
Marc L. Godino
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Class Counsel*

NOT. OF MOT. & MOT. FOR PRELIM. APPROVAL OF CLASS ACTION SETTLEMENT FOR
INJUNCTIVE RELIEF
CASE NO. 13-CV-02998 JST

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs Aleta Lilly and David Cox ("Plaintiffs"), on behalf of themselves and the proposed Settlement Class they represent, hereby move for preliminary approval of the Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement") Plaintiffs reached with Defendants Jamba Juice Company and Inventure Foods, Inc. ("Defendants").  The Settlement Agreement is attached as Exhibit 1 to the accompanying Declaration of Rosemary M. Rivas ("Rivas Decl.").[1]

On June 28, 2013, Plaintiffs filed this proposed class action suit (the "Action") alleging that Defendants committed unlawful and unfair business practices by falsely labeling certain of their at-home, Jamba Juice Smoothie Kits ("Smoothie Kits") as "All Natural" in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL").[2]  Specifically, Plaintiffs alleged that they were misled because the Smoothie Kits do not contain all natural ingredients but rather contain certain synthetic and/or extensively processed ingredients, such as Ascorbic Acid, Citric Acid, Xanthan Gum, Gelatin, and Steviol Glycosides (hereinafter, "Challenged Ingredients").  Plaintiff also alleged that Defendant's conduct constitutes false advertising and deceptive practices in violation of the UCL, the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*. ("CLRA"), and Breach of Express Warranty, Cal. Com. Code §2313.  Defendants have consistently denied Plaintiffs' allegations.

After more than two years of hard-fought litigation and extensive written discovery, Plaintiffs and Defendants reached the Settlement with the assistance of Cathy Yanni, Esq., a well-respected JAMS

---

[1] The Court certified a liability class pursuant to Federal Rule of Civil procedure 23(c)(4) only, but denied certification of a class for damages pursuant to Rule 23(b)(3).  *Lilly v. Jamba Juice,* Case No. 13-cv-02998, 2014 U.S. Dist. LEXIS 131997, at *31, 33 (N.D. Cal. Sept. 18, 2014).  The Court also appointed Aleta Lilly and David Cox as class representatives, and appointed Finkelstein Thompson LLP and Glancy Binkow & Goldberg LLP, as Class Counsel. *Id.* at *33. On October 15, 2014, the Court stated from the bench that a Rule 23(b)(2) class for injunctive relief was appropriate.

[2] On July 22, 2013, the Action was related to a complaint previously filed on March 12, 2012 captioned *Anderson v. Jamba Juice Company, et al.*, Case No. C 12-01213 ("*Anderson*") in the Northern District of California. (ECF No. 4).  Although *Anderson* was subsequently dismissed voluntarily, the parties agreed that the extensive discovery produced in that case could be used in the Action.

1  mediator with experience resolving class action suits.  The Settlement was negotiated by lawyers with

2  significant experience in class action procedure and food labeling claims.  Accordingly, the proposed

3  Settlement merits preliminary approval.  Plaintiffs respectfully request that the Court grant this motion.

4  **II.**     **PROCEDURAL SUMMARY**

5          Defendants moved to dismiss the Action on September 16, 2013, on the grounds that Plaintiffs

6  lacked standing to bring certain claims relating to specific products specified in the Complaint, and

7  further that Plaintiffs failed to state a claim under the CLRA.  (ECF No. 11).  On September 30, 2013,

8  Plaintiffs filed their opposition to the motion (ECF No. 16).  On November 18, 2013, the Court denied

9  the motion to dismiss the Action (ECF No. 25).

10         The Parties engaged in extensive discovery before and after the motion to dismiss.  Rivas Decl. ¶

11  6.  Defendants responded to two sets of requests for production of documents and two sets of special

12  interrogatories. Defendants produced thousands of pages of documents, including their marketing

13  materials, including all of the Smoothie Kit labels; emails surrounding their decision to use the "All

14  Natural" representations to promote the Smoothie Kits; pricing information and sales data; documents

15  regarding the manner in which the Challenged Ingredients are manufactured; and information about

16  Defendants' ingredient suppliers. *Id.* Plaintiffs also retained an expert, Dr. Kurt Hong, to testify about

17  whether the Challenged Ingredients are natural. *Id.* Defendants also deposed each of the named plaintiffs

18  and obtained written discovery from them. *Id.* at ¶ 7.

19         Pursuant to the Court's order, Plaintiffs filed their motion for class certification on February 3,

20  2014 and Defendants filed an opposition brief thereto on June 30, 2014. (ECF Nos. 29, 39).  After oral

21  argument, on September 18, 2014, the Court issued an order granting in part and denying in part

22  Plaintiffs' motion for class certification wherein the Court certified a liability class[3] under Federal Rule

23  of Civil Procedure 23(c)(4) and further requested the parties to submit supplemental briefing on the

24  issue of certifying an injunctive relief class under Federal Rule of Civil Procedure 23(b)(2).  *Lilly,* 2014

25  U.S. Dist. LEXIS 131997, at *33. The Court, however, denied certification of a class for purposes of

26  _____

27      [3] The Court certified the following class: "All persons in California who bought one of the
following Jamba Juice Smoothie Kit products: Mango-a-go-go, Strawberries Wild, Caribbean Passion,
28  Orange Dream Machine, and Razzmatazz." *Lilly,* 2014 U.S. Dist. LEXIS 131997, at *1, 33.

1  damages pursuant to Rule 23(b)(3). *Id.* at 31. The parties submitted supplemental briefing as requested

2  by the Court. (ECF Nos. 52-53, 55).

3      On October 15, 2014, the parties participated in an in-person, half-day mediation before Cathy

4  Yanni, Esq.[4]  Rivas Decl. ¶ 8. With Ms. Yanni's assistance, the parties reached the material terms of the

5  Settlement.  *Id.*  At the case management conference with the Court on the same day, the District Court

6  stated from the bench that a Rule 23(b)(2) class was appropriate and set a deadline of December 1, 2014

7  for the parties to file a motion for preliminary approval.

8  **III.    TERMS OF THE PROPOSED SETTLEMENT**

9      **A.    The Class Definition**

10     For settlement purposes only, the Parties have agreed to the certification of an injunctive relief

11 only class pursuant to Fed. R. Civ. P. 23(b)(2) defined as follows:

12     All persons in the United States who bought, for personal use only, one of the following Jamba
       Juice Smoothie Kit products from the period of January 1, 2010 to the present: Mango-a-go-go,
13     Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz.  Excluded
       from the Settlement Class are (a) the officers, directors and employees of any entity which is or
14     has been a Defendant, members of the immediate families of the foregoing, and their legal
       representatives, heirs, successors and assigns; (b) the officers, directors and employees of any
15     parent, subsidiary or affiliate of either of the Defendant or any business entity in which any of
       the Defendants owns a controlling interest, together with those individuals' immediate family
16     members; (c) counsel for Defendants and its immediate family members; (d) Governmental
       entities; and (d) the Court, the Court's immediate family, and Court staff. ("Settlement Class").

18 Settlement Agreement ¶ 1.A.

20     **B.    Class Benefits – Stipulated Injunction**

21     Since the inception of the case, Defendants have denied Plaintiffs' allegations and continue to

22 deny them to this day.  To resolve the Action, Defendants agreed to a stipulated injunction for as long as

23 the Challenged Products[5] contain any of the Challenged Ingredients or unless and until the FDA issues

[4]The parties had previously mediated their dispute with Ms. Yanni on March 31, 2014, but were unable to resolve their dispute at that time.  Rivas Decl. ¶ 8.  However, the parties continued to further discuss the possibility of settlement. *Id.*

[5] Unless otherwise stated, capitalized terms have the same meaning as in the Stipulation, attached as Exhibit 1 to the Rivas Decl.

binding guidance that each of the Challenged Ingredients can be described as "natural." Settlement Agreement ¶ 4. The terms of the stipulated injunction are:

1.      Defendants shall effect relabeling of all Challenged Products so that they do not describe the products as "all natural" on packaging or other advertising.

2.      Defendants shall effect relabeling of all Challenged Products on its website pages so that they do not describe the Challenged Products as "all natural."

3.      Defendants shall effectuate the changes set forth above by March 31, 2015 and provide Plaintiffs with a declaration setting forth compliance with the above obligations and shall maintain records necessary to demonstrate compliance with the same.

4.      Defendants are not required to remove or recall any of the Challenged Products in market, inventory, or elsewhere; nor are Defendants required to discontinue the use of, or destroy, any packaging inventory that was in existence prior to final judicial approval of this agreement. Instead, Defendants shall not print any Challenged Product labels after March 31, 2015 that do not comply with Paragraph 4(A) above. However, Defendants may, now or after March 31, 2015, exhaust all existing packaging inventory and thereafter sell and distribute Challenged products bearing labeling printed on or before the final approval date of this agreement, without violating the terms of this agreement.

5.      Plaintiffs and all members of the Settlement Class shall be forever enjoined from filing any action seeking injunctive relief pursuant to Rule 23(b)(2) for as long as the Stipulated Injunction remains in effect, against Defendants prohibiting them from labeling the Challenged Products containing the Challenged Ingredients as "all natural". Settlement Agreement ¶ 4.F.

### C.      Plaintiffs' Enforcement of the Stipulated Injunction

Class Counsel is authorized to enforce the terms of the Settlement to ensure that Defendants comply with the terms of the Stipulated Injunction. Settlement Agreement ¶ 13.

### D.      Class Notice

Since the Settlement Agreement provides for injunctive relief only and requires no release of any monetary claims by any member of the Settlement Class, the Parties agree that notice and opt-out rights

are not necessary.  Settlement Agreement ¶ 3. Defendants will, however, provide notice to the required state and federal authorities as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

### E.   Release

Only Plaintiffs' individual claims for monetary relief are released. Settlement Agreement ¶ 2. Class members, however, are bound to the terms of the Stipulated Injunction to the extent they wish to seek injunctive relief in a class action pursuant to Rule 23(b)(2).  *Id.* at ¶ 4.F.

### F.   Attorneys' Fees and Costs

For the past two years, Class Counsel, Finkelstein Thompson LLP and Glancy Binkow & Goldberg LLP, have worked on this case on a purely contingency basis. Defendants have agreed to pay the total sum of $425,000.00 to Plaintiffs' Counsel for any and all Plaintiffs' attorneys' fees and costs, subject to Court approval.  Settlement Agreement ¶ 5.

### G.   Payment to Class Representative

In exchange for the release of the individual Plaintiffs' claims and for their efforts in prosecuting the matter on behalf of the Settlement Class, Defendants have agreed to pay each Plaintiff, Aleta Lilly and David Cox, an amount not to exceed $5,000.00, subject to Court Approval.  Settlement Agreement, ¶ 6.

## IV.   CLASS CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE

The party seeking class certification bears the burden of showing that each of Rule 23(a)'s requirements and at least one of the requirements of Rule 23(b) are met.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.1998); *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011).   To certify a class under Rule 23(a), the court must find: (1) numerosity, (2) common questions of law or fact, (3) that the named plaintiff's claims are typical of the claims of the class, and (4) that the named plaintiff and plaintiff's counsel can adequately protect the interests of the class.  *Amchem v. Windsor*, 521 U.S. 591, 613 (1997); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). In addition, the case must fit into one or more of the categories set forth in Rule 23(b).  Fed. R. Civ. P. 23(b); *Freedman v. La.-Pac. Corp.*, 922 F. Supp. 377, 398 (D. Or. 1996).  The District Court has already determined that the requirements of Fed. R. Civ. P. 23(a), (b)(2) and (c)(4) have been met in this case.

*Lilly*, 2014 U.S. Dist. LEXIS 131997, at \*19-22; *see also* ECF Nos. 54, 57.

Plaintiffs ask that the Court amend its September 18, 2014 class certification order to certify the Settlement Class under Rule 23(b)(2) for settlement purposes only.[6]  Under Rule 23(b)(2), a class action is properly certified where the party against whom relief is sought "has acted or refused to act on grounds that apply generally to the class, so that injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Setting forth a minimal standard, for a Rule 23(b)(2) class to be certified, "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole.  Even if some class members have not been injured by the challenged practice[.]" *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).  Further, "[a]lthough common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2)." *Id.* Plaintiffs complain of standard and uniform illegal practices that are generally applicable to the Settlement Class as a whole. Moreover, Defendants have acted in a manner that generally applies to the Class as a whole. Accordingly, Rule 23(b)(2) certification of the Settlement Class is appropriate.

## V.   PRELIMINARY APPROVAL IS APPROPRIATE

### A.   The Settlement Approval Process

The law favors settlement, particularly in class actions and complex cases where substantial resources can be conserved by avoiding the time, costs and rigors of prolonged litigation.  *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); Conte & Newberg, Newberg on Class Actions § 11.41 (4th ed. 2002) ("By their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise.").

Where, as here, the parties propose to resolve the claims of a certified class through settlement, they must obtain the court's approval.  Fed. R. Civ. Proc. 23(e)(1)(A). The typical process for approving class action settlements is described in the Federal Judicial Center, Manual for Complex Litigation §§ 21.632-.635 (4th ed. 2004): (1) preliminary approval of the proposed settlement at an informal hearing; (2) dissemination of mailed and/or published notice of the settlement to all affected

---

[6] Under Rule 23(c)(1)(C), the Court may alter or amend a class certification order at any time before final judgment.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 13-CV-02998 JST

class members; and (3) A "formal fairness hearing," or final approval hearing, at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *Id*. This procedure, commonly employed by federal courts, serves the dual function of safeguarding class members' procedural due process rights and enabling the court to fulfill its role as the guardian of class members' interests.

Plaintiffs ask that the Court grant preliminary approval of the proposed Settlement.  At this stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."  MANUAL FOR COMPLEX LITIGATION § 21.632.  The Court should grant preliminary approval if the settlement has no obvious deficiencies and "falls within the range of possible approval."  NEWBERG ON CLASS ACTIONS § 11.25.

At the next stage of the approval process, the formal fairness hearing, courts consider arguments in favor of and in opposition to the settlement. According to the Ninth Circuit, the fairness hearing should not be turned into a "trial or rehearsal for trial on the merits." *Officers for Justice v. Civil Serv. Com'n of City and Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). "Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute . . . ." *Id.* Rather, the inquiry "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id.*

### B.   The Proposed Settlement is Presumptively Fair and Easily Meets the Requirements for Preliminary Approval

Courts generally employ a multi-prong test to determine whether preliminary approval is warranted.  A proposed class action settlement is presumptively fair and should be preliminarily approved if the Court finds that: (1) the negotiations leading to the proposed settlement occurred at arm's length; (2) there was sufficient discovery in the litigation for the plaintiff to make an informed judgment on the merits of the claims; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objection. *Young v. Polo Retail,* Case No. C-02-4546

VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006); *see also* NEWBERG ON CLASS ACTIONS § 11.41.  The Settlement easily satisfies these requirements.

First, the negotiations leading to the Settlement were hard fought and overseen by an experienced mediator. Rivas Decl. ¶ 8.  Given the motion practice on Defendants' Rule 12(b)(6) motion, and the extensive briefing on class certification, both parties were able to articulate the strengths of their claims and defenses and the weaknesses of each other's position, ultimately reaching the Settlement after weighing the facts and the applicable law and the risks of continued litigation, including the possibility of decertification and a loss at trial. *Id*. at ¶ 9. These facts support a presumption of fairness.  NEWBERG ON CLASS ACTIONS § 11.41.

Second, the Parties had ample discovery to make an informed judgment on the claims.  Rivas Decl. ¶ 9. Defendants took Plaintiffs' depositions to gauge their credibility and learn the detailed facts of their case, while Plaintiffs reviewed documents touching upon a number of topics, including the labels used during the relevant time period, print advertising, pricing information and sales data, among other things. *Id*. at ¶¶ 6-7.

Third, not only has this Court already determined that Plaintiffs' Counsel are suitable Class Counsel,  Defendants are represented by Keller & Heckman LLP and Osborn Maledon, P.A., both reputable defense firms with lawyers experienced in class action procedure.

In light of the factors discussed above, the proposed Settlement merits preliminary approval.

## VI.   SINCE THE SETTLEMENT PROVIDES FOR INJUNCTIVE RELIEF ONLY, AND SETTLEMENT CLASS MEMBERS DO NOT RELEASE ANY MONETARY CLAIMS, NO NOTICE IS REQUIRED

Generally, class members are entitled to receive the "best notice practicable" under the circumstances. *Burns v. Elrod*, 757 F.2d 151 (7th Cir. 1985).  However, in a class action pursuant to Rule 23(b)(2) providing only for injunctive relief, federal courts across the country have uniformly held that notice is not required.  *See, e.g., Wal-Mart Stores, Inc.*, 131 S. Ct. at 2558 (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *Penland v. Warren Cnty. Jail*, 797 F.2d 332, 334 (6th Cir. 1986) ("'this court has specifically held that notice to class members is not required in all F.R.C.P. 23(b)(2)

class actions'") (quoting *Penland v. Warren Cnty. Jail*, 759 F.2d 524, 531 (6th Cir. 1985); *DL v. District of Columbia*, Case No. 05-cv-1437, 2013 WL 6913117 at *11 (D.D.C. Nov. 8, 2013) ("the district courts within these circuits that have directly considered the issue have applied the requirement 'more flexibly in situations where individual notice to class members is not required, such as suits for equitable relief'"); *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. Jan 31, 1986) ("When a class is certified pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, notice to the class members is not required." (*citing Gibson v. Local 40, Supercargoes & Checkers,* 543 F.2d 1259, 1263 n. 2 (9th Cir. 1976);  *Johnson v. Ga. Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969));  *Mamula v. Satralloy, Inc.,* 578 F. Supp. 563, 572 (S.D. Ohio Sep. 7, 1983) ("This Court has certified this action as a class action under Rule 23(b)(2), and, as such, notice to class members is not required under Rule 23(c)(2)"); *see also* Fed.R. Civ. Proc. 23(c)(2)(A) (stating that under Rule 23(b)(2) the court "***may*** direct appropriate notice to the class") (emphasis added).  This is especially true where the settlement expressly preserves the individual rights of class members to pursue monetary claims against the defendant.  *Jermyn v. Best Buy Stores*, Case No. 08 Civ. 214, 2012 U.S. Dist. LEXIS 90289, at *32 (S.D.N.Y. June 27, 2012) ("Because this injunctive settlement specifically preserves and does not release the class members' monetary claims, notice to the class members is not required"); *Foti, et al. v. NCO Financial Systems, Inc.,* Case No. 04 Civ. 00707, 2008 U.S. Dist. LEXIS 16511, at *13 (S.D.N.Y. Feb. 19, 2008) ("Because the Agreement explicitly preserves the individual rights of class members to pursue statutory damages against the defendant, and because the relief in this Rule 23(b)(2) class is injunctive in nature, notice was not required."); *Green v. Am. Express Co.,* 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001) (no notice is required under several circumstances, such as "when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, . . . when there is no evidence of collusion between the parties, and . . . when the cost of notice would risk eviscerating the settlement agreement.").  Recently, Judge Gary Klausner granted final approval of a Rule 23(b)(2) class and did not require notice under almost identical circumstances as the instant case in that the individual rights of class members to pursue damages against the defendant were preserved, and the relief was injunctive in nature.  *See* Rivas Decl. ¶ 11, Exh. 2.

Here, the Settlement Agreement expressly provides for injunctive relief only and further expressly preserves the rights of the Settlement Class to bring claims for monetary relief against the Defendants. Settlement Agreement ¶ 3. Additionally, since Defendants do not sell their products directly to consumers, the Parties agree that notice is cost prohibitive. *Id.* Accordingly, no notice should be required.

## VII.    CONCLUSION

For the reasons set forth above, Plaintiffs request that this Court enter the accompanying [Proposed] Order Granting Preliminary Approval of Class Action Settlement Pursuant to Fed. R. Civ. Proc. 23(b)(2) which: (1) approves the Settlement; and (2) sets a date of March 19, 2015 at 2:00 p.m. for the final approval hearing.

DATED: December 1, 2014                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ *Rosemary M. Rivas*

One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Marc L. Godino
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Class Counsel*

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 13-CV-02998 JST