Rosemary M. Rivas (SBN 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Marc L. Godino (SBN 182689)
mgodino@glancylaw.com
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park E Ste 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>      vs.<br><br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as the Inventure Group, Inc.,<br><br>             Defendants. | Case No. 13-cv-02998 JST<br><br>**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT FOR INJUNCTIVE RELIEF**<br><br>Date:           January 8, 2015<br>Time:           2:00 p.m.<br>Courtroom:   9, 19th Floor<br>Judge:          Hon. Jon S. Tigar |

I, Rosemary M. Rivas, declare as follows:

1.      I am an attorney licensed to practice by the State of California, and a partner with the law firm of Finkelstein Thompson LLP, one of the firms appointed as Class Counsel in this case and counsel of record for Plaintiffs Aleta Lilly and David Cox.

2.      I have been one of the attorneys primarily responsible for this case since its inception, along with my co-counsel, Marc L. Godino of Glancy Binkow & Goldberg LLP.  Therefore, I have personal knowledge of the matters set forth herein, based on my active participation in the prosecution and settlement of the case and my firm's business records, and, if called as a witness, could and would competently testify thereto.

3.      I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement For Injunctive Relief.  I discuss, in the following order: (1) a procedural summary of the case, and (2) a summary of the settlement negotiations that ultimately led to the settlement reached in this case.

## PROCEDURAL HISTORY

4.      Finkelstein Thompson LLP and Glancy Binkow & Goldberg LLP ("Class Counsel") filed this case on behalf of Plaintiffs Aleta Lilly and David Cox ("Plaintiffs") on June 28, 2013 after conducting an extensive investigation regarding the facts and the law governing food labeling, including Defendants' "All Natural" representation on their Jamba Juice Smoothie Kits ("Smoothie Kits").  Defendants moved to dismiss on September 16, 2013, on the grounds that Plaintiffs lacked standing to bring certain claims relating to specific products specified in the Complaint, and further that Plaintiffs failed to state a claim under the CLRA. Plaintiffs filed their opposition brief on September 30, 2013. The Court denied the motion to dismiss the Action on November 18, 2013 and set deadlines for the class certification motion.

5.      Plaintiffs filed their motion for class certification on February 3, 2014, and Defendants filed an opposition brief thereto on June 30, 2014.  After oral argument, on September 18, 2014, the District Court issued an order granting in part and denying in part Plaintiffs' motion for

1

1   class certification wherein the Court certified a liability class under Federal Rule of Civil Procedure

2   23(c)(4) and further requested the parties to submit supplemental briefing on the issue of certifying

3   an injunctive relief class under Federal Rule of Civil procedure 23(b)(2). The Court, however,

4   denied certification of a class for purposes of damages pursuant to Rule 23(b)(3). The parties

5   submitted supplemental briefing as requested by the Court. On October 15, 2014, the Court stated

6   from the bench that a class action for injunctive relief pursuant to Rule 23(b)(2) was appropriate.

7        6.     The Parties engaged in extensive discovery before reaching the proposed settlement.

8   Defendants responded to two sets of requests for production of documents and two sets of special

9   interrogatories. Defendants produced thousands of pages of documents, including their marketing

10  materials, including all of the Smoothie Kit labels; emails surrounding their decision to use the "All

11  Natural" representations to promote the Smoothie Kits; pricing information and sales data;

12  documents regarding the manner in which the Challenged Ingredients are manufactured; and

13  information about Defendants' ingredient suppliers. Additionally, Plaintiffs retained an expert, Dr.

14  Kurt Hong, to testify about whether the ingredients in the Smoothie Kits are "natural" or not.

15       7.     Defendants also deposed each of the named plaintiffs and obtained written discovery

16  from them.

17                     **SETTLEMENT NEGOTIATIONS**

18       8.     The Parties first engaged in private mediation before Cathy Yanni, Esq. on March 31,

19  2014, after Plaintiffs filed their motion for class certification. In preparation of the mediation, the

20  Parties drafted mediation briefs that outlined the facts and their respective positions on the likelihood

21  of Plaintiffs' success on class certification and summary judgment. The Parties were unable to

22  resolve the case but continued to discuss the possibility of settlement with the assistance of Ms.

23  Yanni via telephone. The Parties engaged in a second, private mediation on October 15, 2014, and

24  with Ms. Yanni's assistance, the parties reached the material terms of the Settlement.

25       9.     Given the motion practice in the case and the Court's rulings on Plaintiffs' motion for

26  class certification, the Parties were able to articulate the strengths of their claims and defenses and

27

2

28  RIVAS DECL. ISO PLAINTIFFS' MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT FOR INJUNCTIVE RELIEF
CASE NO. 13-CV-02998 JST

1   the weaknesses of each other's positions, ultimately reaching the proposed settlement embodied in

2   the Stipulation of Settlement and Release, and after weighing the facts and the applicable law and

3   the risks of continued litigation, including the possibility of decertification and a loss at trial.

4   Additionally, I am very familiar with the numerous case decisions involving litigation of false

5   advertising for consumer food products both at the class certification and summary judgment stages.

6        10.     As a result of our strong understanding of the law and facts, and after extensive

7   negotiations, I believe the Settlement is fair, reasonable and adequate and should be granted

8   preliminary approval. Attached hereto as **Exhibit 1** is a true and correct copy of the Stipulation of

9   Settlement and Release.

10        11.     Attached hereto as **Exhibit 2** is a true and correct copy of the Final Judgment and

11   Order entered by the Honorable Gary R. Klausner in the action titled, *Lilly v. ConAgra Foods Inc.*,

12   Case No. 12-cv-00225, Dkt No. 136 (C.D. Cal. Nov. 24, 2014).

13        I declare under penalty of perjury under the laws of the United States that the foregoing is

14   true and correct.

15        Executed this 1st day of December 2014, at San Francisco, California.

16                                */s/ Rosemary M. Rivas*
17                                Rosemary M. Rivas

18

19

20

21

22

23

24

25

26

27                                      3

28   RIVAS DECL. ISO PLAINTIFFS' MOT. FOR PRELIM. APPROVAL OF CLASS ACTION
     SETTLEMENT FOR INJUNCTIVE RELIEF
     CASE NO. 13-CV-02998 JST

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>      Defendant. | Case No. 13-cv-02998 JST<br><br>**STIPULATION OF SETTLEMENT AND RELEASE** |

      This Stipulation of Settlement and Release ("Settlement Agreement") is made and entered into between Plaintiffs Aleta Lilly and David Cox, on behalf of themselves and all others similarly situated, and Defendants Jamba Juice Company and Inventure Foods, Inc. (collectively, the "Parties"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to court approval in the action titled, *Aleta Lilly, et al. v. Jamba Juice Company, et al.,* Case No. 2:13-cv-02998-JST (hereinafter, the "Action").

## RECITALS

      WHEREAS, on June 28, 2013, Plaintiffs Aleta Lilly and David Cox ("Plaintiffs") filed the Action against Defendants Jamba Juice Company and Inventure Foods, Inc. ("Defendants")for alleged violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*("UCL"), the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), and Breach of Express Warranty, Cal. Com. Code §2313[1];

---

[1] On July 22, 2013, the Action was related to a complaint previously filed on March 12, 2012 captioned *Kevin Anderson v. Jamba Juice Company et al.*, Case No. C 12-01213 in the NorthernDistrict of California. (Dkt No. 4).  Although *Anderson* was subsequently dismissed

WHEREAS, Plaintiffs in the Action allege that certain ingredients (the "Challenged Ingredients")[2] in certain Jamba Juice frozen smoothie kits (the "Challenged Products")[3] are not "all natural" as represented on the labels;

WHEREAS, Defendants denied, and continue to deny all allegations against them;

WHEREAS, Defendants filed a motion to dismiss the Action on September 16, 2012, on the grounds that Plaintiffs lacked standing to bring claims relating to certain of the Challenged Products and further that Plaintiffs failed to state a claim under the CLRA;

WHEREAS, Plaintiffs opposed the motion on the grounds that they had adequate standing to pursue their claims and that the CLRA cause of action was sufficiently pled;

WHEREAS, the Honorable Jon S. Tigar ("District Court") denied the motion to dismiss the Action on November 18, 2013;

WHEREAS, prior to and after the District Court denied the motion to dismiss, the Parties engaged in extensive written discovery, including the exchange of documents and the depositions of Plaintiffs;

WHEREAS, Plaintiffs filed a motion for class certification on February 3, 2014 and Defendants filed an opposition brief thereto on June 20, 2014;

WHEREAS, on September 18, 2014, the District Court issued an Order Granting in Part and Denying in Part Motion for Class Certification in which the Court granted a liability class under Federal Rule of Civil Procedure 23(b)(3) and further requested that the parties submit supplemental briefing on the issue of certifying an injunctive relief class under Federal Rule of Civil procedure 23(b)(2);

WHEREAS, after the parties submitted supplemental briefing on the issue of certifying a Rule 23(b)(2) class, on October 15, 2014, the District Court, during the Further Case Management Conference, stated that a Rule 23(b)(2) class was appropriate in this case.

WHEREAS, on March 31, 2014 and October 15, 2014 the Parties attended two half-day mediation sessions with Cathy Yanni, a well-respected mediator with JAMS who has experience in mediating class actions;

WHEREAS, after arm's length negotiations supervised by Ms. Yanni, the Parties have agreed to resolve the Action, subject to the final approval of the District Court;

---

voluntarily, the parties agreed that the discovery produced in that case could be used in the Action.

[2] The Challenged Ingredients include: Ascorbic Acid, Citric Acid, Xanthan Gum, Gelatin, and Steviol Glycosides.

[3] The Challenged Products include:  Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz.

WHEREAS, Plaintiffs and Plaintiffs' Counsel understand and acknowledge that Defendants admit no fault or liability and that Defendants expressly deny any fault or liability in connection with these claims and that Defendants have agreed to settle this matter only to avoid the expense, inconvenience and uncertainty of further litigation, on the following terms:

## SETTLEMENT TERMS

1.      For settlement purposes only, Plaintiffs Aleta Lilly, David Cox and Defendants Jamba Juice Company and Inventure Foods, Inc. agree to the certification of a mandatory injunctive relief only settlement class pursuant to Federal Rules of Civil Procedure 23(b)(2) without the requirement to "opt in" and without the ability to "opt out" (the "Settlement Class").

      A.      The Settlement Class shall be defined as follows:

            All persons in the United States who bought, for personal use only, one of the following Jamba Juice Smoothie Kit products from the period January 1, 2010 to the present: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz ("Settlement Class"). Excluded from the Settlement Class are (a) the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of either of the Defendant or any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members; (c) counsel for Defendants and its immediate family members; (d) Governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

2.      This Settlement Agreement releases only the rights of the Settlement Class to seek injunctive relief as described in Paragraph 4.F below against Defendants as of the Effective Date.

3.      As the Settlement Agreement provides for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) only and requires no release of any monetary remedies or other equitable relief by any member of the Settlement Class, the Parties agree that notice and opt-out rights are not necessary.  The Parties also agree that notice would be cost prohibitive.  In the event that the District Court believes that notice is necessary, each Party shall have the unilateral option to withdraw from this Settlement Agreement, without prejudice.

4.      In exchange for the release set forth below, and for other good and valuable consideration, Defendants agree to a Stipulated Injunction for as long as the Challenged

Products contain any of the Challenged Ingredients or unless and until the FDA issues binding guidance that each of the Challenged Ingredients can be described as "natural." The terms of the injunction shall be that:

A.      Defendants shall effect relabeling of all Challenged Products so that they do not describe the products as "all natural" on packaging or other advertising.

B.      Defendants shall effect relabeling of all Challenged Products on its website pages so that they do not describe the Challenged Products as "all natural."

C.      Defendants shall effectuate the changes set forth in subdivision (A)-(B) by March 31, 2015 and provide Plaintiffs with a declaration setting forth compliance with the above obligations and shall maintain records necessary to demonstrate compliance with the same.

D.      This injunction shall last only so long as the Challenged Products contain any of the Challenged Ingredients or unless and until the FDA issues binding guidance that each of the Challenged Ingredients can be described as "natural."

E.      Defendants are not required to remove or recall any of the Challenged Products in market, inventory, or elsewhere; nor are Defendants required to discontinue the use of, or destroy, any packaging inventory that was in existence prior to final judicial approval of this agreement. Instead, Defendant shall not print any Challenged Product labels after March 31, 2015 that do not comply with Paragraph 4.A, above. However, Defendant may, now or after March 31, 2015, exhaust all existing packaging inventory and thereafter sell and distribute Challenged Products bearing labeling printed on or before the final approval date of this agreement, without violating the terms of this agreement.

F.      Plaintiffs and all members of the Settlement Class shall be forever enjoined from filing any action seeking injunctive relief pursuant to Rule 23(b)(2) for as long as the Stipulated Injunction remains in effect, against Defendants prohibiting them from labeling the Challenged Products containing the Challenged Ingredients as "all natural."

G.      Plaintiffs, individually and on behalf of the Settlement Class, and Plaintiff's Counsel, acknowledge the adequacy of the injunctive relief set forth above and accept the same in exchange for the Release set forth herein.

5.      To the extent approved by the District Court, Defendants agree to pay the total sum of $425,000.00 to Finkelstein Thompson LLP and Glancy Binkow & Goldberg LLP ("Class Counsel") for any and all Plaintiffs' attorneys' fees and costs ("Attorneys' Fee and Expense Payment"). Plaintiffs will file a motion for preliminary and final approval of the injunctive relief class action settlement with the Court, which will not request or seek in excess of the total sum of $425,000.00 for the payment of attorneys' fees and costs. Defendants agree not to oppose Plaintiffs' motion for payment of attorneys' fees and costs not to exceed $425,000.00.

6.    To the extent approved by the District Court, Defendant agrees to pay the sum of $5,000.00 each to Plaintiff Aleta Lilly and David Cox for their services as class representatives on behalf of the Settlement Class and in exchange for the release of their individual claims as provided for in Paragraphs 8-10.

7.    Defendants will deposit into a client trust account maintained by Class Counsel, to be held in escrow, the sum of $435,000.00 within 10 business days of an order by the Court granting preliminary approval. Defendants agree that funds may be released from escrow to pay the payments to Plaintiffs and the attorneys' fees and expenses, as approved by the Court, within 10 calendar days following the District Court's order approving of such payments, fees, and expenses. Class Counsel will provide a written letter of undertaking to Defendants confirming the obligation that, in the event that there is an appeal and all or any portion of the Attorneys' Fee and Expense Payment or $5,000.00 payment are not finally approved upon appeal, Class Counsel shall return any unapproved portion to Defendants, within ten days of any such appellate decision.

8.    In consideration of the Stipulated Injunctive Relief, the Attorney Fee and Expense Payment to Class Counsel, and the payment of $5,000.00 to Plaintiffs and other good and valuable consideration, and on the Effective Date (defined as the first day after the Final Order and Judgment is entered by the District Court and which the Final Order and Judgment are no longer subject to judicial review), the Parties, and each of them, on behalf of themselves and their representatives, agents, successors, and heirs, do hereby release and forever discharge each other party hereto, and each of their past, present and future directors, officers, partners, owners, principals, employees, affiliates, agents, predecessors, successors, insurers, shareholders, clients and attorneys (hereafter collectively "Released Parties") from any and all causes of action, suits, claims, liens, demands, judgments, indebtedness, costs, damages, obligations, attorneys' fees (except as provided for in this Agreement), losses, claims, controversies, liabilities, demands, and all other legal responsibilities in any form or nature:  (a) that arose or accrued at any time prior to the Effective Date arising out of or in any way related to the labeling or advertising of Defendants' Challenged Products as "all natural" (collectively, the "Released Claims").

9.    Further, and in consideration of the Stipulated Injunctive Relief, the Attorneys Fee and Expense Payment to Class Counsel, the payment of $5,000.00 to Plaintiffs and other good and valuable consideration, Plaintiffs agree to dismiss with prejudice any of their individual claims that remain pending following District Court approval, and all other claims without prejudice.

10.    Plaintiffs and Defendants hereto hereby confirm that they have been advised or and understand, and knowingly and specifically waive their rights under California Civil Code Section 1542 which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11.     The Parties hereby acknowledge that they have denied the claims made against the other, and this Settlement Agreement is entered into with the understanding that it is the result of a compromise of disputed claims and shall never at any time for any purpose be considered an admission of the truth of any of the allegations, claims, or contentions made by any party against any of the other parties, the validity of which each party expressly denies. This Settlement Agreement is the product of negotiation and preparation by and among the parties hereto and their respective attorneys. The parties, therefore, expressly acknowledge and agree that this Settlement Agreement shall not be deemed prepared or drafted by one party or another, or his or her attorneys, and will be construed accordingly.

12.     The performance of this Settlement Agreement is expressly contingent upon entry of an order preliminarily approving this Settlement Agreement and a Final Order and Judgment approving this Settlement Agreement substantially in the form of Exhibits A and B attached hereto. "Final Order and Judgment" means the order entered by the Court approving this Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Class as a whole, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Settlement Agreement, without modifying any of the terms of this Settlement Agreement.  Without affecting the finality of Final Order and Judgment, the Court shall retain exclusive and continuing jurisdiction as to all matters relating to the implementation, administration, consummation, enforcement and interpretation of the Settlement Agreement, including the Releases contained therein, and any other matters related or ancillary to the foregoing; and over all Parties hereto, including the Released Parties, for the purpose of enforcing and administering the Settlement Agreement and this action until each and every act agreed to be performed by the Parties has been performed pursuant to the Settlement Agreement.

13.     Class Counsel shall be authorized to enforce and defend the terms of this Settlement Agreement.

14.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this settlement, including the Defendants' provision of any notice that may be required under 28 U.S.C. § 1715 except that Defendants will bear 100% of the costs of such notice. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate this settlement and the terms set forth herein, as soon as practicable after execution of this Settlement Agreement, Class Counsel and Defendants' counsel shall jointly take all necessary steps to secure the Court's final approval of this settlement, entry of an order preliminarily approving this Settlement Agreement, and issuance of a Final Order and Judgment approving this Settlement Agreement.

15.     If the District Court fails to issue an order preliminarily approving the Settlement Agreement and/or the Final Order and Judgment, this Settlement Agreement is terminated.  If this Settlement Agreement, the order preliminarily approving the Settlement Agreement and/or Final Order and Judgment approving this Settlement Agreement is vacated, materially modified, or reversed, in whole or part, this Settlement Agreement will be deemed terminated, unless the

Parties, in their sole discretion within thirty (30) days of receipt of such ruling, provide written notice to Class Counsel and Defendants' counsel of their intent to proceed with the Settlement Agreement as modified by the court or on appeal.  If this Settlement Agreement is not preliminarily or finally approved by the District Court, then the parties will resume the litigation of the case without prejudice to its procedural status as of October 15, 2014.  If this Settlement Agreement is terminated pursuant to this section, it will have no force or effect whatsoever, shall be null and void, and the Settlement Agreement, negotiations leading to the Settlement Agreement and the terms of the Settlement Agreement will not be admissible as evidence for any purpose in the resumed litigation.

16.     Released Parties agree and covenant not to sue each other with respect to any released claims or causes of action, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any law or court or equity, or in any forum.

17.     This Settlement Agreement is admissible and subject to disclosure for purposes of enforcing this Settlement Agreement or as otherwise permitted by law.

18.     Upon the execution of this Settlement Agreement, the Parties agree to stipulate to continue all currently pending cut-off dates, deadlines, motions and trial dates until after the calculated date for the hearing on final approval of the settlement so as to preserve all rights of the parties.

19.     This Settlement Agreement may not be changed, modified or amended except in writing signed by Plaintiffs; Class Counsel, Defendants and Defendants' counsel, subject to court approval, if required.

20.     Any person executing this Settlement Agreement or any such related document on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any such related document.

21.     Defendants have the right to seek relief from the court limiting or eliminating its obligations under the stipulated injunction described above, based upon any change in the applicable law.

22.     In entering this Settlement Agreement, each party has relied upon the advice of the party's own attorneys of choice, and has not relied upon any representation of law or fact by any other party hereto. It is further acknowledged that the terms of this Settlement Agreement are contractual and are not a mere recital, have been completely read and explained by said attorneys, and that those terms are fully understood and voluntarily accepted.

23.     This Settlement Agreement, including all agreements attached hereto, supersedes any and all prior agreements, and it constitutes the entire understanding between and among the parties with regard to the matters herein set forth. There are no representations, warranties, agreements, nor undertakings, written or oral, between or among the parties hereto, relating to the subject matter of this Settlement Agreement which are not fully expressed, herein.

24.     This Settlement Agreement is made and executed in the State of California and it is agreed that this Settlement Agreement shall be interpreted in accordance with and governed in all respects by the laws of the State of California. It is further agreed that this Settlement Agreement may be signed in counterpart, and that facsimiles will be deemed originals.

        We, the undersigned, have read the foregoing Settlement Agreement and Release and acknowledge our understanding and agreement to the contents thereof.

Dated:  11/25/14 _____         _____
                                     Plaintiff Aleta Lilly

Dated:  _____         _____
                                     Plaintiff David Cox

Dated:  12-1-14 _____         _____
                                     Class Counsel and Counsel for Plaintiff Aleta Lilly

Dated:  _____         _____
                                     Class Counsel and Counsel for Plaintiff David Cox

Dated:  11/20/14 _____        _____
                                     Representative for Defendant Jamba Juice Company

Dated: Nov 21/14 _____        _____
                                     Representative for Defendant Inventure Foods, Inc.

Dated:  11/24/14 _____        _____
                                     Counsel for Defendants Jamba Juice Company and
                                     Inventure Foods, Inc.

24.   This Settlement Agreement is made and executed in the State of California and it is agreed that this Settlement Agreement shall be interpreted in accordance with and governed in all respects by the laws of the State of California. It is further agreed that this Settlement Agreement may be signed in counterpart, and that facsimiles will be deemed originals.

    We, the undersigned, have read the foregoing Settlement Agreement and Release and acknowledge our understanding and agreement to the contents thereof.

Dated: _____

                                      Plaintiff Aleta Lilly

Dated: 12-01  2014

                                      Plaintiff David Cox

Dated: _____

                                      Class Counsel and Counsel for Plaintiff Aleta Lilly

Dated: 12/01/2014

                                      Class Counsel and Counsel for Plaintiff David Cox

Dated: 11/21/14

                                      Representative for Defendant Jamba Juice Company

Dated: Nov 21 / 14

                                      Representative for Defendant Inventure Foods, Inc.

Dated: 11/24/14

                                      Counsel for Defendants Jamba Juice Company and
                                      Inventure Foods, Inc.

# EXHIBIT A

Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Marc L. Godino (State Bar No. 182689)
mgodino@glancylaw.com
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Individual and Representative*
*Plaintiffs Aleta Lilly and David Cox*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated, <br><br>         Plaintiff, <br>     vs. <br> JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc., <br>         Defendant. | Case No. 13-cv-02998 JST <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL** |

1   TIGAR, Judge:

2       The matter before the Court is Plaintiffs' Motion for Preliminary Approval of

3   Class Action Settlement.

4                                    **BACKGROUND**

5       On June 28, 2013, Plaintiffs initiated this action by filing a Complaint on behalf of themselves

6   and all others similarly situated in the United States District Court for the Northern District of California

7   (the "Action"). (ECF No. 1.)  Plaintiffs in the Action alleged that certain ingredients (the "Challenged

8   Ingredients") in certain Jamba Juice frozen smoothie kits (the "Challenged Products") were falsely

9   advertised as "all natural", in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§

10  17200, *et seq.* ("UCL"), the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*

11  ("FAL"), and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), and

12  Breach of Express Warranty, Cal. Com. Code §2313. *(Id.* at 8*)*.[1]

13      Defendants filed a motion to dismiss the Action on September 16, 2013, on the grounds that

14  Plaintiffs lacked standing to bring certain claims relating to specific products and further that Plaintiffs

15  failed to state a claim under the CLRA (ECF No.11).  After the motion was fully briefed, on November

16  18, 2013, The Honorable Jon S. Tigar ("District Court") denied the motion to dismiss the Action.  (ECF

17  No. 25.)

18      After engaging in extensive written discovery, Plaintiffs filed a motion for class certification on

19  February 3, 2014, and Defendant filed an opposition brief thereto on June 20, 2014. (ECF Nos. 29, 39).

20  On September 18, 2014, the District Court issued an Order granting in part and denying in part

21  Plaintiffs' motion for class certification. (ECF No. 54.) For liability purposes, the District Court certified

22  a class defined as "all persons in California who bought one of the following Jamba Juice Smoothie Kit

23  products: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and

24  Razzmatazz."

25

26  _____

27  [1] On July 22, 2013, the Action was related to a complaint previously filed on March 12, 2012, captioned
    *Kevin Anderson v. Jamba Juice Company et al.*, Case No. C 12-01213, in the Northern District of
28  California. (ECF No. 4.) Although the *Anderson* case was voluntarily dismissed, the parties conducted a
    significant amount of discovery in *Anderson* and agreed that such discovery could be used in the Action.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
CASE NO. 13-CV-02998 JST

On October 15, 2014, the parties attended a half-day of mediation with Cathy Yanni, Esq. a well-respected mediator with JAMS who has had prior experience in mediating class actions.[2] After arm's length negotiations supervised by Yanni, the Parties have agreed to resolve the Action, subject to the final approval of the District Court.  On December 1, 2015, Plaintiffs filed the motion for preliminary approval of class action settlement, which Defendants joined.

## **TERMS OF PROPOSED SETTLEMENT**

1.    Class Definition

The proposed settlement class consists of:

> All persons in the United States who bought, for personal use only, one of the following Jamba Juice Smoothie Kit products from the period January 1, 2010 to the present: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz.  Excluded from the Settlement Class are (a) the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of either of the Defendant or any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members; (c) counsel for Defendants and its immediate family members; (d) Governmental entities; and (d) the Court, the Court's immediate family, and Court staff ("Settlement Class").

2.    Class Benefits - Stipulated Injunction

Defendants agree to the following stipulated injunction:

A.    Defendants shall effect relabeling of all Challenged Products so that they do not describe the products as "all natural" on packaging or other advertising.

B.    Defendants shall effect relabeling of all Challenged Products on its website pages so that they do not describe the products as "all natural."

C.    Defendants shall effectuate the changes set forth in subdivision (A)-(B) by March 31, 2015 and provide Plaintiffs with a declaration setting forth

---

[2] The parties previously engaged in a mediation with the assistance of Ms. Yanni on March 31, 2014 but were unable to resolve the case at that time.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
CASE NO. 13-CV-02998 JST

compliance with the above obligations and shall maintain records necessary

to demonstrate compliance with the same.

D.     This injunction shall last only so long as the Challenged Products contain

any of the Challenged Ingredients or unless and until the FDA issues binding

guidance that each of the Challenged Ingredients can be described as

"natural."

E.     Defendants are not required to remove or recall any of the Challenged

Products in market, inventory, or elsewhere; nor are Defendants required to discontinue the use

of, or destroy, any packaging inventory that was in existence prior to final judicial approval of

this agreement.  Instead, Defendant shall not print any Challenged Product labels after March 31,

2015 that do not comply with Paragraph 2.A-(B), above.  However, Defendant may, now or after

March 31, 2015, exhaust all existing packaging inventory and thereafter sell and distribute

Challenged Products bearing labeling printed on or before the final approval date of this

agreement, without violating the terms of this agreement.

F.     Plaintiffs and all members of the Settlement Class shall be forever enjoined

from filing any action seeking injunctive relief pursuant to Rule 23(b)(2), for as long as the

Stipulated Injunction remains in effect, against Defendants prohibiting them from labeling the

Challenged Products containing the Challenged Ingredients as "all natural."

3.     Class Notice

As the Settlement Agreement provides for injunctive relief only and requires no

release of any monetary remedies or other equitable relief by any member of the Settlement Class, the

Parties agree that notice and opt-out rights are not necessary.  (Settlement Agreement ¶ 3).

4.     Release

The only claims for monetary relief being released are those of Plaintiffs,

individually. *Id.* ¶ 2). Class members, however, are bound to the terms of the Stipulated

Injunction pursuant to Fed. R. Civ. P. 23(b)(2).  (*Id.* ¶ 4.)

5.    <u>Attorneys' Fees and Costs</u>

Since 2012, Class Counsel, Finkelstein Thompson LLP, and Glancy Binkow & Goldberg LLP have worked on the case on a purely contingency basis. Defendants agree to pay the total sum of $425,000.00 to Finkelstein Thompson LLP and Glancy Binkow & Goldberg LLP for any and all Plaintiffs' attorney fees and costs ("Attorneys' Fee and Expense Payment"), which is subject to Court approval." (*Id.* ¶ 5.)

5.    <u>Payment to Class Representative</u>

Defendants agree to pay an incentive award of $5,000 each to Plaintiffs Aleta Lilly and David Cox for their services as a named plaintiff on behalf of the Settlement Class and in exchange for the release of their individual claims. (*Id.* ¶ 6.)

## DISCUSSION

"Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation." *Smith v. CRST Van Expedited, Inc.,* 10-CV-1116-IEG (WMC), 2013 WL 163293, at *2 (S.D. Cal. Jan. 4, 2013) (citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S. F.,* 688 F.2d 615,625 (9th Cir. 1982)). "In a class action, however, any settlement must be approved by the court to ensure that class counsel and the named plaintiffs do not place their own interests above those of the absent class members." *Dennis v. Kellog Co.,* 697 F.3d 858, 861 (9th Cir. 2012); *see also* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled ... only with the court's approval."). "[C]ourt approval of a class action settlement involves a two-step process-preliminary approval, followed by final approval of the settlement." *In re M.L. Stern Overtime Litig.,* 07-CV-0118-BTM (JMA), 2009 WL 995864, at *3 (S.D. Cal. Apr. 13, 2009) (citing *MANUAL FOR COMPLEX LITIGATION (FOURTH)* § 21.632 (2004)).

In this case, the Court is at the first step-preliminary approval. This "initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice,* 688 F.2d at 625.  The "Court need not review the settlement in detail at this juncture; instead, preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval." *In re M.L. Stern Overtime Litig.,* 2009 WL 995864, at *3 (internal quotation marks

4

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
CASE NO. 13-CV-02998 JST

and citation omitted). However, even at this preliminary stage, "a district court may not simply rubber stamp stipulated settlements." *Kakani v. Oracle Corp.,* C 06-06493WHA, 2007 WL 1793774, at * 1 (N.D. Cal. June 19, 2007). In order to grant preliminary approval, the Court must "ratify both the propriety of the certification and the fairness of the settlement." *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011).

Propriety of Certification

Plaintiff seeks certification of a settlement class under Federal Rule of Civil Procedure 23(b)(2). "A plaintiff seeking class certification must affirmatively demonstrate that it meets the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591,613-14 (1997). Rule 23(a) outlines four requirements: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23 (a). "In addition to these prerequisites, a plaintiff must satisfy one of the prongs of 23 (b) in order to maintain a class action." *Goldkorn v. Cnty. of San Bernardino,* EDCV 06-707-VAP (OPx), 2012 WL 476279, at *4 (C.D. Cal. Feb. 13, 2012). "Where ... a plaintiff moves for class certification under Rule 23(b)(2), the plaintiff must prove [that] the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Id.*; Fed. R. Civ. P. 23(b)(2).

On September 18, 2014, this Court issued its Order Granting in part and Denying in Part Motion for Class Certification ("Certification Order"). In that Certification Order, the Court held that Plaintiffs satisfied each of the elements of Fed. R. Civ. P. 23(a) and certified a liability class under 23(c)(4). The Court did not certify a class action pursuant to Rule 23(b)(3) for damages. The Certification Order also appointed Plaintiffs Aleta Lilly and David Cox as class representatives and appointed Finkelstein Thompson LLP and Glancy Binkow & Goldberg as Class Counsel. In addition, during the Case Management Conference held on October 15, 2014, the Court stated from the bench that Plaintiffs had standing to pursue an injunction and otherwise satisfied the requirements of Fed. R. Civ. P. 23(b)(2).

In this case, the terms of the injunction sought by Plaintiffs "apply to the class as a whole" and Plaintiffs' claims do not "entitle named or unnamed class members to any form of individualized

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
CASE NO. 13-CV-02998 JST

1   injunctive relief." *Johnson v. Shaffer,* 2013 U.S. Dist. LEXIS 157174, at *139 (E.D. Cal. Nov. 1, 2013).

2   Therefore, certification of the Settlement Class is appropriate.

3   Fairness of the Proposed Settlement

4          Rule 23(e) provides that a court may approve a settlement "only after a hearing and on finding

5   that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court must "review[] the

6   substance of the settlement ... to ensure that it is 'fair, adequate, and free of collusion.'" *Lane v.*

7   *Facebook,* 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon,* 150 F.3d at 1027). The Court is "not to

8   reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the

9   dispute, nor is the proposed settlement to be judged against a hypothetical or speculative measure of

10  what might have been achieved by the negotiators." *Smith,* 2013 WL 163293, at *2 (internal

11  quotation marks and citation omitted). "In making this appraisal, courts have broad discretion to

12  consider a range of factors such as [1] the strength of the plaintiffs case; [2] the risk, expense,

13  complexity, and likely duration of further litigation; [3] the risk of maintaining class action status

14  throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the

15  stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a government

16  participant; and [8] the reaction of the class members to the proposed settlement." *Id.* at *2-3 (internal

17  quotation marks and citation omitted) (finding the proposed settlement "fair, adequate, and free of

18  collusion" on the grounds that "the settlement is the product of arms-length negotiations by experienced

19  counsel before a respected mediator, reached after and in light of years of litigation and ample discovery

20  into the asserted claims"). "[T]he Court need not conduct full settlement fairness appraisal before

21  granting preliminary approval; rather the proposed settlement need only fall within 'the range of

22  possible approval.'" *Dennis v. Kellogg, Co.,* 09-cv-1786-IEG (WMC), 2013 WL 1883071, at *4 (S.D.

23  Cal. May 3, 2013) (quoting *Alberto v. GMRI, Inc.,* 252 F.R.D. 652,666 (E.D. Cal. 2008)). "Essentially,

24  the court is only concerned with whether the proposed settlement discloses grounds to doubt its fairness

25  or other obvious deficiencies such as unduly preferential treatment of class representatives or segments

26  of the class, or excessive compensation of attorneys." *Id.* (internal quotation marks and citation omitted).

6

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**
CASE NO. 13-CV-02998 JST

In this case, the procedure for reaching the settlement was fair and reasonable and the settlement was the product of arm's length negotiations. *See Smith,* 2013 WL 163293, at *3. The settlement was reached with the assistance of an experienced mediator.  Although the settlement does not include monetary relief for the class, it stops Defendant's allegedly unlawful practices, bars Defendant from similar practices in the future, and does not prevent the class members from seeking damages. A significant amount of litigation and discovery has been undertaken in prosecuting this action. *See Id.* Further litigation would bring additional uncertainty, risk, and expense to the class. Plaintiffs' counsel is experienced in handling class actions and the types of claims asserted in this action and considers it to be in the best interests of the class to enter into this settlement agreement. The Court finds that the settlement "fall[s] within the range of possible approval." *Dennis,* 2013 WL 1883071, at *4 (internal quotation marks and citation omitted). The Court grants preliminary approval of the class settlement.

Notice

When a class is certified under Rule 23(b)(2) for settlement purposes and only provides for injunctive relief, no notice of class certification is required. *Jermyn v. Best Buy Stores,* 2012 U.S. Dist. LEXIS 90289, at *32 (S.D.N.Y. June 27, 2012). When certifying a class under Rule 23(b)(2), "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A).  In this case, the costs of attempting to identify the class members to provide notice of certification appear prohibitive to settlement.  Generally, courts are required to "notice the class members of the proposed settlement." *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, at *3.  However, notice of class settlement under Rule 23 is only required of the settlement releases the monetary claims of the class.  In this case, the settlement agreement does not release the monetary or other equitable relief claims of the Class.  Only Plaintiffs Aleta Lilly's and David Cox's individual monetary claims and the class members' claims to injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) are released by the settlement agreement.  The Court exercises its discretion and does not direct notice here because the settlement does not alter the unnamed class members' legal rights to pursue monetary relief.

7

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is GRANTED.  A hearing shall be held before this Court on _____, 2015 at 2:30 p.m. to determine whether the Court should grant final approval of the settlement and to determine the appropriateness of Plaintiffs' attorneys' fees and costs and the incentive payments to the Class Representatives.  All papers in support of the final approval of the settlement shall be filed with the Court on or before _____, 2015.

DATED:_____

_____
Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE

'

8

# EXHIBIT B

1    Rosemary M. Rivas (State Bar No. 209147)
     rrivas@finkelsteinthompson.com
2    **FINKELSTEIN THOMPSON LLP**
     One California Street, Suite 900
3    San Francisco, California 94111
     Telephone: (415) 398-8700
4    Facsimile: (415) 398-8704

5    Marc L. Godino (State Bar No. 182689)
     mgodino@glancylaw.com
6    **GLANCY BINKOW & GOLDBERG LLP**
     1925 Century Park East, Suite 2100
7    Los Angeles, CA 90067
     Telephone: (310) 201-9150
8    Facsimile: (310) 201-9160

9    *Attorneys for Individual and Representative*
     *Plaintiffs Aleta Lilly and David Cox*
10

11
                    **UNITED STATES DISTRICT COURT**
12                **NORTHERN DISTRICT OF CALIFORNIA**

13   ALETA LILLY and DAVID COX, on behalf of        Case No. 13-cv-02998 JST
14   themselves and all others similarly situated,
                                                    **[PROPOSED] FINAL ORDER, STIPULATED**
15              Plaintiff,                          **INJUNCTION AND JUDGMENT**

16         vs.

17   JAMBA JUICE COMPANY and INVENTURE
     FOODS, INC., formerly known as The Inventure
18   Group, Inc.,
                Defendant.
19

20

21

22

23

24

25

26

27

28

WHEREAS, Representative Plaintiffs Aleta Lilly and David Cox ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Jamba Juice Company and Inventure Foods, Inc. ("Defendants") entered into a Stipulation of Settlement and Release, filed with the Court on December 1, 2014 (the "Settlement Agreement").

WHEREAS, on December 1, 2014, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement, and on _____, 2015, the Court held a hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, on _____, 2015, the Court entered the Preliminary Approval Order that, among other things, (1) certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure a Settlement Class defined as: "All persons in the United States who bought, for personal use only, one of the following Jamba Juice Smoothie Kit products from the period January 1, 2010 to the present: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz. Excluded from the Settlement Class are (a) the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of either of the Defendant or any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members; (c) counsel for Defendants and its immediate family members; (d) Governmental entities; and (d) the Court, the Court's immediate family, and Court staff. ("Settlement Class")" for the purposes of providing injunctive relief only and for settlement purposes; (2) preliminarily found that the Settlement Agreement appears sufficient, fair, reasonable and adequate, and contains no obvious deficiencies and the parties have entered into the Settlement Agreement in good faith, following arm's length negotiations between their respective counsel facilitated by an experienced mediator; and (c) set a Final Approval Hearing on _____, 2015, at _____ in Courtroom 9, 19th Floor of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102.

WHEREAS, on September 18, 2014, this Court issued its Order Granting in part and Denying in Part Motion for Class Certification holding that i) Plaintiffs satisfied each of the elements of Fed. R.

**[PROPOSED] FINAL ORDER, STIPULATED INJUNCTION AND JUDGMENT**
CASE NO. 13-CV-02998 JST

Civ. P. 23(a) and certified a 23(c)(4) liability class; ii) appointed Plaintiffs Aleta Lilly and David Cox as class representatives; and iii) appointed Finkelstein Thompson LLP and Glancy Binkow & Goldberg as Class Counsel;

WHEREAS, during the Case Management Conference held on October 15, 2014, this Court stated from the bench that a class under Fed. R. Civ. P. 23(b)(2) was appropriate in this case;

WHEREAS, on _____, 2015, Plaintiffs filed a Motion for Final Approval of Class Action Settlement, and a Motion For Approval of an Award of Attorneys' Fees and Costs to Class Counsel and an Incentive Award to the Representative Plaintiffs.

WHEREAS, on _____, 2015, the Court issued an order granting the Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and the Motion For Approval of an Award of Attorneys' Fees and Costs to Class Counsel and an Incentive Award to the Class Representative Plaintiffs ("Motion for Attorneys' Fees"), filed by Plaintiffs Aleta Lilly and David Cox.

NOW, THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class, the application of Class Counsel for an award of fees and costs, and Plaintiffs' award separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement, and good cause appearing therefore.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     The Settlement Agreement is hereby incorporated by reference into this Final Order and Judgment as if explicitly set forth herein and shall have the full force of an Order of this Court.

2.     The Court has jurisdiction over the subject matter of this litigation, the parties, and all persons within the Class.

3.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and this Court's Preliminary Approval Order, for the purposes of settling the claims against Defendants in accordance with the Settlement Agreement, the following persons are members of the Class: All persons in the

**[PROPOSED] FINAL ORDER, STIPULATED INJUNCTION AND JUDGMENT**
CASE NO. 13-CV-02998 JST

United States who bought, for personal use only, one of the following Jamba Juice Smoothie Kit products during the period January 1, 2010 to the present: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz.  Excluded from the Settlement Class are (a) the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of either of the Defendant or any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members; (c) counsel for Defendants and its immediate family members; (d) Governmental entities; and (d) the Court, the Court's immediate family, and Court staff.

4.      The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Class members in connection with the settlement set forth in the Settlement Agreement.  The Court also finds no objections to the settlement.

5.      The Court finds the settlement, providing injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) only and requiring no release of monetary claims or other equitable relief claims by any Class member, set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Class, and is hereby approved.

6.      Plaintiffs' Motion for Final Approval of Class Action Settlement is hereby granted. The settlement is approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Specifically, the Court finds that final approval of the settlement is warranted in light of the following factors:

        i.        The strength of Plaintiffs' case;

        ii.        The risk, expense, complexity, and likely duration of further litigation;

        iii.        The risk of maintaining class action status throughout trial;

        iv.        The amount offered in settlement;

**[PROPOSED] FINAL ORDER, STIPULATED INJUNCTION AND JUDGMENT**
CASE NO. 13-CV-02998 JST

1      v.      The extent of discovery completed and the stage of the

2              proceedings; and

3      vi.     The experience and views of counsel.

4   *Churchill Village, L.L.C. v. Gen. Elec.,* 361 F.3d 566,575-76 (9th Cir. 2004) (citing *Hanlon v. Chrysler*

5   *Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998)). The Court further finds that the settlement is the product of

6   good faith negotiations at arm's length, conducted with the assistance and under the supervision of an

7   experienced and independent mediator, Ms. Cathy Yanni, Esq., after thorough factual and legal

8   investigation, and is not the product of fraud or collusion. *See Officers for Justice v. Civil Serv. Comm'n*

9   *of the City & Cnty. of S. F.,* 688 F. 2d 615, 625 (9th Cir. 1982).  The parties are directed to consummate

10  the Settlement Agreement in accordance with its terms.

11          7.      Defendants are ordered to comply with the following injunction: (a) Defendants shall

12  effect relabeling of all Challenged Products so that they do not describe the products as "all natural" on

13  packaging or other advertising; (b) Defendants shall effect relabeling of all Challenged Products on its

14  website pages so that they do not describe the products as "all natural"; (c) Defendants shall effectuate

15  the changes set forth above by March 31, 2015 and provide Plaintiffs with a declaration setting forth

16  compliance with the above obligations and shall maintain records necessary to demonstrate

17  compliance with the same. This Stipulated Injunction shall remain in effect for as long as the Challenged

18  Products contain any of the Challenged Ingredients or unless and until the FDA issues binding guidance

19  that each of the Challenged Ingredients can be described as "natural".

20          8.      Plaintiffs and all members of the Settlement Class shall be and hereby are

21  forever enjoined from filing any action seeking injunctive relief pursuant to Rule 23(b)(2) for as long as

22  the Stipulated Injunction remains in effect, against Defendants prohibiting them from labeling the

23  Challenged Products containing the Challenged Ingredients as "all natural."

24          9.      The Court hereby awards and orders Defendants to pay Class Counsel

25  $ _____ in total for attorneys' fees and costs payable to Finkelstein Thompson LLP and Glancy

26  Binkow & Goldberg LLP.

---

4

**[PROPOSED] FINAL ORDER, STIPULATED INJUNCTION AND JUDGMENT**
CASE NO. 13-CV-02998 JST

10. The Court hereby further awards and orders Defendants to pay an amount of $ _____ each to the Plaintiffs Aleta Lilly and David Cox. These payments are to be paid in accordance with the terms of the Settlement Agreement.

10. This Action is dismissed with prejudice and, except as provided herein or in the Settlement Agreement, without costs. The Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry of the Judgment by the Clerk.

IT IS SO ORDERED.

DATED: _____

_____
Honorable Jon S. Tigar
UNITED STATES DISTRICT JUDGE

**[PROPOSED] FINAL ORDER, STIPULATED INJUNCTION AND JUDGMENT**
CASE NO. 13-CV-02998 JST

# EXHIBIT 2

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY, on behalf of herself and all others similarly situated, | Case No. CV12-0225-RGK (SHx) |
| Plaintiff, | [PROPOSED] FINAL ORDER AND JUDGMENT |
| vs. | |
| CONAGRA FOODS, INC., a Delaware corporation | |
| Defendant. | |

1      WHEREAS, Class Representative Plaintiff Aleta Lilly ("Plaintiff") on behalf of

2  herself and all others similarly situated, and Defendant ConAgra Foods, Inc.

3  ("Defendant" or "ConAgra") entered into a Stipulation of Settlement and Release, filed

4  with the Court on August 1, 2014 (the "Settlement Agreement").

5      WHEREAS, on August 1, 2014, Plaintiff filed a Motion for Preliminary Approval

6  of Class Action Settlement.

7      WHEREAS, on September 19, 2014, the Court entered an order granting

8  preliminary approval that, among other things, (a) certified pursuant to Rule 23(b)(2) of

9  the Federal Rules of Civil Procedure a settlement class defined as: "All persons in the

10  United States who bought, for personal use only, David® Sunflower Seeds from the

11  period of January 10, 2008 to the Effective Date (defined as the first day after the Final

12  Order and Judgment is entered by the District Court). Excluded from the Settlement Class

13  are Defendant, its officers, directors, or employees, the legal representatives, heirs,

14  successors, and assigns of Defendant, any entity in which Defendant has a controlling

15  interest; and any judge to whom this case is assigned, his or her immediate family, and

16  his or her staff ('Settlement Class')," for the purposes of providing injunctive relief only

17  and for settlement purposes; (b) appointed named Plaintiff Aleta Lilly as Class

18  Representative for settlement purposes; (c) appointed Plaintiff's Counsel, Finkelstein

19  Thompson LLP, as Class Counsel for settlement purposes; and (d) preliminarily found

20  that the Settlement to be fair and reasonable.

21      WHEREAS, on October 10, 2014, Plaintiff filed a Motion for Final Approval of

22  Class Action Settlement, and a Motion For Award of Attorney Fees, Reimbursement of

23  Costs, and Approval of Service Award.

24      NOW, THEREFORE, having reviewed and considered the submission presented with

25  respect to the settlement set forth in the Settlement Agreement and the record in these

26  proceedings, having heard and considered the evidence presented by the parties, having

27  determined that the settlement set forth in the Settlement Agreement is fair, reasonable,

28

1 adequate, and in the best interests of the Class, the application of Class Counsel for an award

2 of fees and costs, and service award separate from the issue of whether final approval should

3 be given to settlement set forth in the Settlement Agreement, and good cause appearing

4 therefore.

5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

6      1.    The Settlement Agreement is hereby incorporated by reference into this Final

7 Order and Judgment as if explicitly set forth herein and shall have the full force of an Order

8 of this Court.

9      2.    The Court has jurisdiction over the subject matter of this litigation, the parties,

10 and all persons within the Class.

11      3.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and this Court's

12 Preliminary Approval Order, for the purposes of settling the claims against Defendant in

13 accordance with the Settlement Agreement, the following persons are members of the Class:

14 All persons in the United States who bought, for personal use only, David® Sunflower

15 Seeds from the period of January 10, 2008 to the Effective Date (defined as the first day

16 after the Final Order and Judgment is entered by the District Court). Excluded from the

17 Settlement Class are Defendant, its officers, directors, or employees, the legal

18 representatives, heirs, successors, and assigns of Defendant, any entity in which

19 Defendant has a controlling interest; and any judge to whom this case is assigned, his or

20 her immediate family, and his or her staff.

21      4.    The Court finds that Plaintiff and Class Counsel fairly and adequately

22 represented the interests of Class members in connection with the settlement set forth in the

23 Settlement Agreement. The Court also finds no objections to the settlement.

24      5.    The Court finds the settlement, providing injunctive relief only and requiring

25 no release of monetary claims by any Class member, set forth in the Settlement Agreement is

26 in all respects, fair, adequate, reasonable, proper, and in the best interests of the Class, and is

27 hereby approved.

28                                  2

6. Plaintiff's Motion for Final Approval of Class Action Settlement is hereby granted. The settlement is approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Specifically, the Court finds that final approval of the settlement is warranted in light of the following factors:

        i.     The strength of Plaintiff's case;

        ii.     The risk, expense, complexity, and likely duration of further litigation;

        iii.    The risk of maintaining class action status throughout trial;

        iv.    The amount offered in settlement;

        v.     The extent of discovery completed and the stage of the proceedings; and

        vi.    The experience and views of counsel.

*Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004); citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The Court further finds that the settlement is the product of good faith negotiations at arm's length, conducted with the assistance and under the supervision of an experienced and independent mediator, the Honorable Wayne D. Brazil (Ret.), after thorough factual and legal investigation, and is not the product of fraud or collusion. *See Officers for Justice v. Civil Servo Comm'n of the City and County of San Francisco*, 688 F.2d 615,625 (9th Cir. 1982). The parties are directed to consummate the Settlement Agreement in accordance with its terms.

7. ConAgra is ordered to comply with the following injunction for as long as the Federal Food and Drug Administration requires only single serving nutritional information to be contained in the Nutrition Facts Panel: (a) Defendant shall effect relabeling of all David® Sunflower Seeds products so that the Nutrition Facts Panel discloses the total sodium content for both the kernels and the shells' coating. Defendant will no longer place the sodium of the kernels and the shells' coating outside the Nutrition Facts Panel on products sold in the United States. Sodium disclosures for both the kernels and the shells' coating in David® Sunflower Seeds sold in the United States shall be stated in the Nutrition

3

1    Facts Panel in the sodium declaration; (b) Defendant shall effect relabeling of all Nutrition
2    Facts Panels on its website pages at www.davidseeds.com relating to David® Sunflower
3    Seeds products to disclose the sodium content for the kernel and the shells' coating. Sodium
4    disclosures for both the kernels and the shells' coating shall be stated in the sodium
5    declaration of the Nutrition Facts Panel on David® Sunflower Seeds; (c) Defendant shall
6    comply with all aspects of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et
7    seq. and regulations promulgated pursuant thereto, and with all aspects of the Sherman Food,
8    Drug and Cosmetic Law, that relate to the required disclosure of sodium in the sunflower
9    seeds; (d) Defendant shall effectuate the changes set forth in (a)-(c) by January 31, 2015, and
10   provide Plaintiff with a declaration by January 31, 2015 setting forth compliance with the
11   above obligations and shall maintain records necessary to demonstrate compliance with the
12   same; and (e) Defendant shall not print any David® Sunflower Seed labels after January 31,
13   2015 that do not comply with the changes set forth in (a)-(c).

14        8.    Plaintiff and all members of the Settlement Class shall be and hereby are
15   forever enjoined from filing any action seeking injunctive relief individually or pursuant
16   to Rule 23(b)(2), against Defendant alleging that the sodium disclosure of David®
17   Sunflower Seeds fails to comply with state or federal law or regulations in effect on the
18   Effective Date (defined as the first day after the Final Order and Judgment is entered by
19   the District Court).

20        9.    The Court hereby awards and orders ConAgra to pay Class Counsel
21   $550,000.00 in total for attorneys' fees and costs payable to Finkelstein Thompson LLP. The
22   Court hereby further awards and orders ConAgra to pay an amount of $5,000 to the Plaintiff
23   Aleta Lilly. These payments are to be paid in accordance with the terms of the Settlement
24   Agreement.

25
26
27
28

4

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. CV12-0225-RGK (SHX)

1        10.    This litigation is dismissed with prejudice and, except as provided herein or in

2  the Settlement Agreement, without costs. The Court finds that there is no just reason for

3  delay and expressly directs Judgment and immediate entry of the Judgment by the Clerk.

4  **IT IS SO ORDERED.**

5

6  DATED: ___NOV 2 4 2014___                 _____

7                                          Honorable Gary R. Klausner

                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. CV12-0225-RGK (SHX)