| | |
|---|---|
| 1 | Rosemary M. Rivas (SBN 209147) |
| | rrivas@finkelsteinthompson.com |
| 2 | **FINKELSTEIN THOMPSON LLP** |
| 3 | One California Street, Suite 900 |
| | San Francisco, California 94111 |
| 4 | Telephone: (415) 398-8700 |
| | Facsimile: (415) 398-8704 |
| 5 | |
| 6 | Marc L. Godino (SBN 182689) |
| | mgodino@glancylaw.com |
| 7 | **GLANCY BINKOW & GOLDBERG LLP** |
| | 1925 Century Park East, Suite 2100 |
| 8 | Los Angeles, California 90067 |
| | Telephone: (310) 201-9150 |
| 9 | Facsimile: (310) 201-9160 |
| 10 | *Class Counsel* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>Defendants. | Case No. 13-cv-02998 JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY FEES, REIMBURSEMENT OF EXPENSES, AND APPROVAL OF SERVICE PAYMENTS**<br><br>Date: April 30, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

# NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY FEES, REIMBURSEMENT OF EXPENSES AND APPROVAL OF SERVICE PAYMENTS

**PLEASE TAKE NOTICE** that on April 30, 2015 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9 of the United States District Courthouse, 450 Golden Gate Ave., San Francisco, California 94102, before the Honorable Jon S. Tigar, Plaintiffs Aleta Lilly and David Cox will, and hereby do, move the Court for an order granting an award of attorney fees, reimbursement of expenses, and service payments.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Rosemary M. Rivas in Support of Plaintiffs' (1) Motion for Final Approval of Class Action Settlement for Injunctive Relief; and (2) Motion for Award of Attorneys Fees, Costs and Service Payments (hereinafter referred to as "Rivas Decl." or "Declaration of Rosemary M. Rivas") and of Marc L. Godino in Support of Plaintiffs' (1) Motion for Final Approval of Class Action Settlement for Injunctive Relief; and (2) Motion for Award of Attorneys Fees, Costs and Service Payments (hereinafter referred to as "Godino Decl." or "Declaration of Marc L. Godino"), the pleadings and all documents on file in this action, and such other matters as may be presented at or before the hearing.

DATED: April 9, 2015                    Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ Rosemary M. Rivas
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700/Facsimile: (415) 398-8704

Marc L. Godino (SBN 182689)
mgodino@glancylaw.com
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park E Ste 2100
Los Angeles, California 90067
Telephone: (310) 201-9150/Facsimile: (310) 201-9160

*Class Counsel*

1

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 1

II. SUMMARY OF WORK PERFORMED BY CLASS COUNSEL ........................... 2

III. ARGUMENT ............................................................................................................ 4

    A. Legal Standard Governing Plaintiffs' Motion for Attorney Fees ............................ 4

    B. Plaintiffs Are Entitled to a Fee Award Under the Consumers Legal Remedies Act and the Private Attorney General Statute ................................................................. 5

        1. The Consumers Legal Remedies Act ............................................................. 5

        2. The Private Attorney General Statute ............................................................. 6

    C. California Courts Apply the Lodestar/Multiplier Method of Calculating a Reasonable Fee ......................................................................................................... 8

        1. Class Counsel's Lodestar ................................................................................ 9

        2. Application of a Multiplier ............................................................................. 9

    D. Plaintiffs' Request for Reimbursement of Expenses .............................................. 10

        1. Mandatory Costs ........................................................................................... 11

        2. Discretionary Costs ....................................................................................... 11

    E. The Service Payments Are Reasonable and Should Be Approved ........................ 12

IV. CONCLUSION ...................................................................................................... 13

i

PLAINTIFFS' NOT. OF MOT. AND MOT. FOR AWARD
OF ATTORNEY FEES, EXPENSES, & SERVICE PAYMENTS
304849.1 JAMBAJUICE                                       CASE NO. 13-cv-02998 JST

# TABLE OF AUTHORITIES

**Cases**

*Applications Internat. Corp. v. Superior Court*,
    39 Cal. App. 4th 1095 (1995) ................................................................................................ 11

*Broughton v. Cigna Healthplans*,
    21 Cal. 4th 1066 (1999) .......................................................................................................... 5

*Carter v. Anderson Merchandisers, LP*,
    2010 WL 1946757 (C.D. Cal. May 11, 2010) ................................................................. 12, 13

*Chavez v. Netflix, Inc.*,
    162 Cal. App. 4th 43 (2008) .................................................................................................. 10

*Clausen v. M/V New Carissa*,
    339 F.3d 1049 (9th Cir. 2003) ............................................................................................... 10

*Coles v. City of Oakland*,
    2007 WL 39304 (N.D. Cal. Jan. 4, 2007) ............................................................................... 9

*Collado v. Toyota Motor Sales, U.S.A., Inc.*,
    550 Fed. Appx. 368 (9th Cir. 2013) ........................................................................................ 4

*Exxon Mobil Corp. v. Allapattah Services, Inc.*,
    545 U.S. 546 (2005) ................................................................................................................ 4

*Gezalyan v. BMW of North America, LLC*,
    697 F. Supp. 2d 1168 (C.D. Cal. 2010) .................................................................................. 4

*Gibson v. Bobroff*,
    49 Cal. App. 4th 1202 (1996) ................................................................................................ 11

*Graciano v. Robinson Ford Sales, Inc.*,
    144 Cal. App. 4th 140 (2006) .................................................................................................. 5

*Graham v. Daimler Chrysler Corp.*,
    34 Cal. 4th 553 (2004) ............................................................................................................ 7

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................................ 5

*Hopson v. Hanesbrands Inc.*,
    2009 WL 928133 (N.D. Cal. Apr. 3, 2009) .......................................................................... 12

*In re Consumer Privacy Cases*,
    175 Cal. App. 4th 545 (2009) .............................................................................................. 8, 9

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ........................................................................................................ 10

ii

PLAINTIFFS' NOT. OF MOT. AND MOT. FOR AWARD
OF ATTORNEY FEES, EXPENSES, & SERVICE PAYMENTS
304849.1 JAMBAJUICE                                          CASE NO. 13-cv-02998 JST

*Kim v. Euromotors West/The Auto Gallery*,
    149 Cal. App. 4th 170 (2007) ................................................................................................ 5

*Ladas v. California State Auto. Assn.*,
    19 Cal. App. 4th 761 (1993) ................................................................................................ 11

*Lealao v. Beneficial California, Inc.*,
    82 Cal. App. 4th 19 (2000) .................................................................................................... 8

*Lilly v. Jamba Juice Co.*,
    2014 U.S. Dist. LEXIS 131997 (N.D. Cal. Sept. 18, 2014) ................................................... 3

*Lyons v. Chinese Hosp. Ass'n*,
    136 Cal. App. 4th 1331 (2006) ...................................................................................... 6, 7, 8

*Mangold v. California Public Utilities Commission*,
    67 F.3d 1470 (9th Cir. 1995) ................................................................................................. 5

*McIntosh v. McAfee, Inc.*,
    2009 WL 673976 (N.D. Cal. Mar. 13, 2009) ........................................................................ 9

*Meister v. Regents of Univ. of California*,
    67 Cal. App. 4th 437 (1998) .................................................................................................. 8

*Page v. Something Weird Video*,
    960 F. Supp. 1438 (C.D. Cal. 1996) .................................................................................... 11

*Press v. Lucky Stores, Inc.*,
    34 Cal. 3d 311 (1983) ........................................................................................................... 8

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ............................................................................................... 12

*Ryan v. California Interscholastic Federation*,
    94 Cal. App. 4th 1033 (2001) ................................................................................................ 7

*Vasquez v. State of California*,
    45 Cal. 4th 243 (2008) .......................................................................................................... 6

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ............................................................................................... 5

*Wershba v. Apple Computer, Inc.*,
    91 Cal. App. 4th 224 (2001) ............................................................................................ 9, 10

*Winterrowd v. Am. Gen. Annuity Ins. Co.*,
    556 F.3d 815 (9th Cir. 2009) ................................................................................................. 9

iii

PLAINTIFFS' NOT. OF MOT. AND MOT. FOR AWARD
OF ATTORNEY FEES, EXPENSES, & SERVICE PAYMENTS
304849.1 JAMBAJUICE                                                                        CASE NO. 13-cv-02998 JST

**Statutes**

28 U.S.C. § 1332(d) ................................................................................................................. 4
Cal. Bus. & Prof. Code § 17200 ............................................................................................. 2
Cal. Bus. & Prof. Code § 17500 ............................................................................................. 2
Cal. Civ. Code § 1750. ............................................................................................................ 2
Cal. Civ. Code § 1780(e) .................................................................................................. 5, 10
Cal. Com. Code § 2313 ........................................................................................................... 2
Cal. Code of Civil Procedure §§1033.5(a)(1), (3)-(4), and (13) ........................................... 11
Cal. Code of Civil Procedure § 1033.5(c) ............................................................................ 11

**Rules**

Fed. R. Civ. P. 23(b)(2) .................................................................................................. 3, 4, 6
Fed. R. Civ. P. 23(b)(3) ........................................................................................................... 3
Fed. R. Civ. P. 23(c)(4) ........................................................................................................... 3
Fed. R. Civ. P. 23(h) ............................................................................................................... 4

**Other Authorities**

*The Contingency Factor in Attorney Fee Awards,*
    90 Yale L.J. 473 (1981) .................................................................................................. 10

iv

PLAINTIFFS' NOT. OF MOT. AND MOT. FOR AWARD
OF ATTORNEY FEES, EXPENSES, & SERVICE PAYMENTS
304849.1 JAMBAJUICE                                    CASE NO. 13-cv-02998 JST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 18, 2015, the Court granted preliminary approval of the proposed class action settlement reached by the Parties as set forth in the Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement").[1] Docket No. 65. By separate motion, Plaintiffs seek final approval of the proposed Settlement. In this motion, Plaintiffs seek an award of attorney fees and reimbursement of litigation expenses in the total amount of $425,000.00,[2] and approval of a $5,000.00 service award for each of the Plaintiffs.

As explained below, and in the accompanying motion for final approval, Plaintiffs obtained one of the lawsuit's primary objectives. Specifically, Defendants have agreed to relabel the Jamba Juice Smoothie Kits ("Smoothie Kits") so that they are not described as "all natural" on packaging or other advertising. Settlement Agreement ¶ 4. Defendants have also agreed to effect relabeling of all Challenged Products on their website pages so that they do not describe the Jamba Juice Smoothie Kits as "all natural." *Id.*

Under California law, which applies here, Plaintiffs are entitled to an award of reasonable attorney fees and reimbursement of allowable expenses for their work in enforcing important consumer protection statutes and food labeling laws and providing a significant benefit to the Settlement Class members and the general public nationwide. Class Counsel have collectively invested over 1,509 hours in the litigation and have a combined lodestar of $623,912.35. Thus, the fees requested are a significant reduction of Class Counsel's lodestar.

Moreover, courts often approve service payments for class representatives to compensate them for the work they did on behalf of a class. The requested $5,000 service payments fall in line

---

[1] All capitalized terms herein have the same meaning as in the Settlement Agreement, attached as Exhibit 2 to the accompanying Declaration of Rosemary M. Rivas.
[2] Class Counsel seek $410,673.13 in attorneys fees and $14,326.87 in allowable costs.

1
PLAINTIFFS' NOT. OF MOT. AND MOT. FOR AWARD
OF ATTORNEY FEES, EXPENSES, & SERVICE PAYMENTS
304849.1 JAMBAJUICE                                     CASE NO. 13-cv-02998 JST

with other awards approved by the courts. As detailed below, the requested awards of attorney fees and expenses and service payments are reasonable and should be approved.

## II. SUMMARY OF WORK PERFORMED BY CLASS COUNSEL

A detailed description of the work Class Counsel performed in prosecuting Plaintiffs' claims is set forth in the accompanying Declarations of Rosemary M. Rivas and Marc L. Godino. Plaintiffs provide only a summary here.

Plaintiffs filed the Action[3] on June 28, 2013 alleging claims for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, ("UCL"), the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, ("FAL"), the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, ("CLRA") and for breach of express warranty, Cal. Com. Code § 2313. Docket No. 1 ¶¶ 8, 42-70. Defendants moved to dismiss the Action on September 16, 2013 on the grounds that Plaintiffs lacked standing to bring certain claims relating to specific products specified in the Complaint, and further that Plaintiffs failed to state a claim under the CLRA. Docket No. 11. On September 30, 2013, Plaintiffs filed their opposition to the motion. Docket No. 16. On November 18, 2013, the Court denied the motion to dismiss the Action. Docket No. 25.

The Parties engaged in extensive discovery before and after the motion to dismiss. Rivas Decl. ¶ 23. Defendants responded to two sets of requests for production of documents and two sets of special interrogatories. *Id.* Defendants produced thousands of pages of documents, including their marketing materials, such as the Smoothie Kit labels; emails surrounding their decision to use the "All Natural" representations to promote the Smoothie Kits; pricing information and sales data; documents regarding the manner in which the Challenged Ingredients

---

[3] Finkelstein Thompson LLP filed the related action titled *Anderson v. Jamba Juice Co.,* Case No. 12-cv-01213, on March 12, 2012, which Glancy Binkow & Goldberg LLP later associated in. Docket No. 70. A description of the proceedings in *Anderson* are discussed in the accompanying Declaration of Rosemary M. Rivas. *Id.* at ¶¶ 7-14.

2

are manufactured; and information about Defendants' ingredient suppliers. *Id.* Defendants also deposed each of the named plaintiffs and obtained written discovery from them. *Id.*

Pursuant to the Court's order, Plaintiffs filed their motion for class certification on February 3, 2014. Docket No. 29. Plaintiffs spent a significant amount of time preparing the class certification motion, including researching district court cases within and outside the Ninth Circuit on the issue of ascertainability, among other class certification issues. Rivas Decl. ¶ 16. Plaintiffs also worked with a claims administrator, Gilardi & Co. LLC, to help develop a notice and claims administration program designed to reach the proposed class members in case of monetary recovery for the class members via trial or settlement. *Id.* Additionally, Plaintiffs retained Dr. Kurt M. Hong, M.D., Ph.D. and worked with him to provide a declaration in support of class certification. *Id.* Defendants filed an opposition brief on June 30, 2014. Docket No. 39.

After Plaintiffs filed their motion for class certification, the Parties agreed to participate in a private mediation before Cathy Yanni, Esq. on March 31, 2014. Rivas Decl. ¶ 17. In anticipation of the mediation, Plaintiffs prepared a mediation brief that outlined the facts discovered to date and their respective positions on the likelihood of success at class certification and summary judgment/trial. *Id.* Plaintiffs exchanged mediation briefs with Defendants and thus, understood their views on the case as well. *Id.* The Parties were unable to resolve the case in March 2014, but continued to discuss the possibility of settlement with the assistance of Ms. Yanni via telephone. *Id.*

On September 18, 2014, after oral argument on Plaintiffs' class certification motion, the Court issued an order granting in part and denying in part Plaintiffs' motion. The Court certified a liability class[4] under Federal Rule of Civil Procedure 23(c)(4) and further requested the Parties to submit supplemental briefing on the issue of whether Plaintiffs had standing to represent an

---

[4] The Court certified the following class: "All persons in California who bought one of the following Jamba Juice Smoothie Kit products: Mango-a-go-go, Strawberries Wild, Caribbean Passion, Orange Dream Machine, and Razzmatazz." *Lilly v. Jamba Juice Co.,* 2014 U.S. Dist. LEXIS 131997, at *1, 33 (N.D. Cal. Sept. 18, 2014).

3

injunctive relief class under Federal Rule of Civil Procedure 23(b)(2). *Lilly,* 2014 U.S. Dist. LEXIS 131997, at *33. The Court, however, denied certification for purposes of damages pursuant to Rule 23(b)(3). *Id.* at 31.

In preparation of the supplemental briefing requested by the Court, Plaintiffs conducted a significant amount of research regarding Ninth Circuit Court of Appeal and district court decisions, as well as decisions outside of the Ninth Circuit, on the issues of whether a consumer who is aware of the falsity of a product's representations has Article III standing to pursue injunctive relief. Rivas Decl. ¶ 21. Plaintiffs also performed extensive research on whether a consumer must express a definite intent to purchase the allegedly misbranded product to have standing. *Id.* Plaintiffs prepared and filed an opening brief on September 2, 2014 and a reply brief responding to Defendants' opposing arguments on September 22, 2015. *Id.*; Docket. Nos. 52, 55.

On October 15, 2014, the Parties participated in a second in-person mediation before Cathy Yanni, Esq. Rivas Decl. ¶ 22. With Ms. Yanni's assistance, the Parties reached the material terms of the Settlement. *Id.* Plaintiffs filed their motion for preliminary approval of the class action settlement pursuant to Fed. R. Civ. P. 23(b)(2) on December 1, 2014, which the Court granted on March 18, 2015. Docket Nos. 60, 65. The terms of the proposed Settlement are set forth in the accompanying motion for final approval and are incorporated herein by reference.

## III. ARGUMENT

### A. Legal Standard Governing Plaintiffs' Motion for Attorney Fees

At the conclusion of a successful class action, plaintiffs' counsel may move for an award of reasonable attorney fees. *See* Fed. R. Civ. P. 23(h). The first issue in assessing any such motion is to identify the applicable law, as both eligibility for a fee award and the method of calculating that award varies depending on whether state or federal law applies.

The Court's jurisdiction in this case arises under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), which means the Court is sitting in diversity. *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 571 (2005) ("CAFA confers federal diversity jurisdiction

4

over class actions . . . [.]"). In diversity actions, "state law governs both the right to recover attorney's fees and the computation of their amount." *Collado v. Toyota Motor Sales, U.S.A., Inc.,* 550 Fed. Appx. 368, 369-70 (9th Cir. 2013); *Gezalyan v. BMW of North America, LLC,* 697 F. Supp. 2d 1168, 1169 (C.D. Cal. 2010) (citing *Mangold v. California Public Utilities Commission,* 67 F.3d 1470, 1478 (9th Cir. 1995)).

Plaintiffs filed this lawsuit alleging claims for violations of California's consumer protection statutes, including the CLRA, FAL and UCL. Docket No. 1. As California state law has governed Plaintiffs' claims in this action, it also should apply to Plaintiffs' motion for an award of attorney fees. *See, e.g., Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

### B. Plaintiffs Are Entitled to a Fee Award Under the Consumers Legal Remedies Act and the Private Attorney General Statute

#### 1. The Consumers Legal Remedies Act

Under the CLRA, one of the claims alleged in the case, "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to [the CLRA]." Cal. Civ. Code § 1780(e). As the California Supreme Court has observed, "the availability of costs and attorneys fees to prevailing plaintiffs is integral to making the CLRA an effective piece of consumer legislation, increasing the financial feasibility of bringing suits under the statute." *Broughton v. Cigna Healthplans,* 21 Cal. 4th 1066, 1086 (1999). "Accordingly, an award of attorney fees to 'a prevailing plaintiff' in an action brought pursuant to the CLRA is mandatory, even where the litigation is resolved by a pretrial settlement agreement." *Kim v. Euromotors West/The Auto Gallery,* 149 Cal. App. 4th 170, 178-79 (2007).

California courts have adopted two approaches to determining when a plaintiff is a "prevailing plaintiff" entitled to a fee award under the CLRA. One approach relevant here determines prevailing party status based on whether a party succeeded on a practical level. *Id.* at 179; *see also Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150-51 (2006).

5

Under this pragmatic approach, plaintiffs may be considered prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotations omitted).

Plaintiffs qualify for an award of attorney fees. Plaintiffs alleged that Defendants violated the CLRA by representing that the Smoothie Kits are "All Natural" when they are not, in violation of federal and state food labeling laws. Docket No. 1 ¶¶ 24, 28, 58. Plaintiffs requested injunctive relief requiring Defendants to refrain from its deceptive practices. *See, e.g., id.* at ¶¶ 41, 50, 56, 63, 70. Plaintiffs also sought class certification of an injunctive relief class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Docket Nos. 52, 55. Defendants vigorously challenged Plaintiffs' standing under Article III. Docket No. 53. Plaintiffs achieved Rule 23(b)(2) certification of an injunctive relief class, and a stipulated injunction that requires Defendants to re-label all of their Smoothie Kits so that they are not described "all natural" and to stop representing the Smoothies Kits as "all natural" in all advertising. Settlement Agreement ¶ 4. Therefore, Plaintiffs have succeeded in obtaining a significant objective of the lawsuit and as prevailing plaintiffs are entitled to attorneys' fees and costs.

### 2. The Private Attorney General Statute

Plaintiffs are also entitled to a fee award under Code of Civil Procedure § 1021.5, which the California Legislature enacted to codify the private attorney general doctrine previously developed by the courts. *Vasquez v. State of California,* 45 Cal. 4th 243, 250 (2008). "[T]he fundamental objective of the doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases." *Id.* (internal citations and quotations omitted). Accordingly, Section 1021.5 authorizes an award of attorney fees to a "successful party" in any action that "has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or non-pecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should

6

not in the interest of justice be paid out of the recovery, if any." Code of Civ. Proc. § 1021.5; *see also Lyons v. Chinese Hosp. Ass'n,* 136 Cal. App. 4th 1331, 1344 (2006) ("Although section 1021.5 is phrased in permissive terms (the court 'may' award), the discretion to deny fees to a party that meets its terms is quite limited.").

Plaintiffs satisfy all requirements for an award of attorney fees under section 1021.5:

- Plaintiffs qualify as a "successful party" under the statute for the same reasons they qualify as a "prevailing plaintiff" under the CLRA—they have achieved one of the primary benefits sought in bringing the lawsuit. *See Lyons,* 136 Cal. App. 4th at 1346 ("A successful party means a prevailing party.''") (internal citation and quotations omitted).

- Plaintiffs' action conferred a significant benefit on a large class of persons by providing injunctive relief to thousands of consumers who buy the Smoothie Kits or will do so in the future. The Action has also conferred a significant benefit on the public by enforcing important consumer protection rights and discouraging similarly unfair and deceptive treatment of consumers, and by providing accurate food labeling. *See Graham v. Daimler Chrysler Corp.,* 34 Cal. 4th 553, 578 (2004) ("It is well settled that attorney fees under section 1021.5 may be awarded for consumer class action suits benefiting a large number of people."). Thus, the necessity and financial burden of private enforcement supports the requested award.

- Without the incentive of an attorney fees award, Plaintiffs could not have afforded lawyers to litigate this case; their out-of-pocket losses were not significant enough to hire a lawyer and litigate an individual suit. *See Ryan v. California Interscholastic Federation,* 94 Cal. App. 4th 1033, 1044 (2001) (emphasis added) ("As to the necessity and financial burden of private enforcement, an award *is appropriate where the cost of the* legal victory transcends the claimant's personal interest; in other words, where the burden of pursuing the litigation is out of proportion to the plaintiffs individual stake in the matter.").

7

PLAINTIFFS' NOT. OF MOT. AND MOT. FOR AWARD
OF ATTORNEY FEES, EXPENSES, & SERVICE PAYMENTS
304849.1 JAMBAJUICE                                    CASE NO. 13-cv-02998 JST

- Finally, this is not a case where, in the interests of justice, attorney fees should be paid from the recovery. There is no common fund from which Plaintiffs' counsel could be paid, and Defendants have agreed to pay $425,000.00 for attorney fees and expenses.

California courts have determined that plaintiffs achieving important injunctive relief merit an award of attorney fees. *See, e.g., Press v. Lucky Stores, Inc.,* 34 Cal. 3d 311, 323-24 (1983) (obtaining injunctive relief to enforce the rights of free expression constituted a significant benefit supporting award of attorney fees); *Lyons,* 136 Cal. App. 4th at 1346-47; *See Lilly v. ConAgra*, (C.D. Cal.) Case No. 12-cv-0225, Docket No. 135 (granting order awarding attorneys' fees and costs and service award for obtaining injunctive relief). The Court should find the same here.

### C. California Courts Apply the Lodestar/Multiplier Method of Calculating a Reasonable Fee

To determine the amount of the fee to be awarded under the fee-shifting statutes at issue here, California courts apply the lodestar/multiplier method. *See Meister v. Regents of Univ. of California,* 67 Cal. App. 4th 437, 448-49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award unless the statutory authorization for the award provided for another method of calculation"); *Lealao v. Beneficial California, Inc.* 82 Cal. App. 4th 19, 26 (2000) ("the primary method for establishing the amount of 'reasonable' attorney fees [in fee-shifting cases] is the lodestar method").

California's lodestar/multiplier method is a two-step process of fee calculation under which the Court first determines the lodestar (or touchstone) by "multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate." *In re Consumer Privacy Cases,* 175 Cal. App. 4th 545, 556 (2009) (internal citation and quotations omitted). The Court may then enhance or reduce the lodestar by applying a multiplier to take into account the contingent nature and risk associated with the action, as well as other factors such as the degree of skill required and the ultimate success achieved. *Id.*

8

### 1. Class Counsel's Lodestar

Class Counsel invested approximately 1,509.40 hours prosecuting Plaintiffs' claims and have a lodestar of $623,912.35, as detailed in the accompanying Declarations of Rosemary M. Rivas and Marc L. Godino. In evaluating Class Counsel's lodestar, the Court should verify that both the time spent and the hourly rates reported are reasonable.

To assist the Court in evaluating the reasonableness of the time spent on this case, Class Counsel have presented detailed, sworn summaries of their work. *See Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 827 (9th Cir. 2009) (internal citation and quotations omitted) (when awarding fees under a California fee-shifting statute, "[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees"); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) (affirming award of attorney fees based on plaintiffs' attorneys' declarations stating that "California case law permits fee awards in the absence of detailed time sheets.").

Class Counsel have also submitted schedules of current hourly rates, as well as evidence of other courts approving those same or similar rates in past cases. *See McIntosh v. McAfee, Inc.*, 2009 WL 673976, at * 2 (N.D. Cal. Mar. 13, 2009) ("Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys who are engaged in similar litigation charging similar rates."). The reported rates are current rather than historical, which is appropriate to compensate Class Counsel for the delay in receiving payment for past services. *Coles v. City of Oakland,* 2007 WL 39304, at *6 (N.D. Cal. Jan. 4, 2007) ("Under [California] state fee-shifting statutes, however, a fee applicant may be awarded a lodestar amount reflecting their present hourly rate . . . to compensate a fee applicant for delay in receiving payment.").

### 2. Application of a Multiplier

"Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative multiplier to take into account a variety of other factors, including

9

the quality of the representation, the novelty and complexity of the issues, the, results obtained, and the contingent risk presented." *In re Consumer Privacy Cases,* 175 Cal. App. 4th at 556 (internal citation and quotations omitted). Although all of these factors are important and can be considered, "the purpose of a fee enhancement is *primarily* to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment in contingency cases as a class." *See Ketchum v. Moses,* 24 Cal. 4th 1122, 1138 (2001) (emphasis added). Thus, in wholly-contingent consumer class actions like this one, California courts have approved fee awards with multipliers of 2 and even higher. *See, e.g., Wershba,* 91 Cal. App. 4th at 255 ("Multipliers can range from 2 to 4 or even higher."); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 (2008) (same). These cases recognize that a "'lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.'" *Ketchum,* 24 Cal. 4th at 1333 (quoting Leubsdorf, *The Contingency Factor in Attorney Fee Awards,* 90 Yale L.J. 473, 480 (1981)).

Here, the Settlement Agreement requires Defendants to pay, subject to Court approval, $425,000.00 to Class Counsel, for any and all of Plaintiffs' attorneys fees and costs. Class Counsel's aggregate lodestar is $623,912.35. Though Class Counsel in this case could readily justify the application of a multiplier to their lodestar, the requested award after the deduction of the expenses identified below is merely approximately 65% of Class Counsel's aggregate lodestar. Thus, the requested fee is more than reasonable.

### D. **Plaintiffs' Request for Reimbursement of Expenses**

The CLRA provides for an award of court costs to Plaintiffs in addition to an award of attorney fees. Cal. Civ. Code § 1780(e) ("[t]he court shall award court costs and attorney's fees to a prevailing plaintiff."). Because Plaintiffs' request for reimbursement of costs arises under California substantive law, the Court applies California law on costs rather than Local Rule 54-4. *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003).

10

Class Counsel have incurred $14,326.87 in unreimbursed and allowable costs and expenses prosecuting this case on behalf of the class, as explained below and detailed in the Declarations of Rosemary M. Rivas and Marc L. Godino.

### 1. Mandatory Costs

California Code of Civil Procedure §§1033.5(a)(1), (3)-(4), and (13) state that the Court must award costs for filing fees, deposition transcripts, service-of-process fees, and photocopies of exhibits to assist the Court. Plaintiffs seek reimbursement of such costs in the amount of $876.92. Rivas Decl. ¶ 34; Godino Decl. ¶ 36.

### 2. Discretionary Costs

California Code of Civil Procedure section 1033.5(c) gives the Court discretion to award costs for "'Items not mentioned in this section'" if the costs are "'reasonably necessary to the conduct of the litigation, rather than merely convenient or beneficial to its preparation.'" *Sci. Applications Internat. Corp. v. Superior Court*, 39 Cal. App. 4th 1095, 1103 (1995) (quoting section 1033.5(c)). Plaintiffs seek recovery of the following expenses, which were reasonably necessary to the conduct of the litigation:

*Travel Costs.* With Class Counsel located in San Francisco and Los Angeles, attorney travel was required to attend proceedings in San Francisco, including the case management conferences, mediations, oral arguments on the motions, and to attend the Plaintiffs' depositions in Southern California. *Page v. Something Weird Video*, 960 F. Supp. 1438, 1447 (C.D. Cal. 1996) (travel costs necessary to attend hearings found recoverable under section 1033.5(c)). Class Counsel seek recovery of $4,644.54 in travel costs. Rivas Decl. ¶ 34; Godino Decl. ¶ 36.

*Delivery Costs.* Class Counsel also incurred $1,070.49 for delivery of courtesy copies to the Court. Rivas Decl. ¶ 34; Godino Decl. ¶ 36; *see also Ladas v. California State Auto. Assn.*, 19 Cal. App. 4th 761, 776 (1993) (messenger charges related to filing documents with the court approved).

11

***Mediation Costs.*** Lastly, in connection with the March 2014 and October 2014 mediations with Cathy Yanni, Esq., which ultimately led to a successful class settlement, Plaintiffs incurred $7,118.30 in mediation fees. Rivas Decl. ¶ 34; Godino Decl. ¶ 36; *see also, e.g., Gibson v. Bobroff*, 49 Cal. App. 4th 1202, 1209 (1996) (awarding the costs of court-ordered mediation).

***Computer Research Costs.*** Class Counsel also incurred $616.62 in computer research costs, such as Pacer and Westlaw. Rivas Decl. ¶ 34; Godino Decl. ¶ 36.

### E. The Service Payments Are Reasonable and Should Be Approved

Upon the conclusion of a successful class action case, the Court has discretion to award the representative plaintiffs service payments (also known as incentive payments) as compensation for the work they did on behalf of the class. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases."). Here, Plaintiffs seek service payments in the amount of $5,000 each, which is within the range of service payments that have been approved in class litigation. *See, e.g., Hopson v. Hanesbrands Inc.*, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) ("In general, courts have found that $5,000 incentive payments are reasonable."); *Carter v. Anderson Merchandisers, LP*, 2010 WL 1946757, at *4 (C.D. Cal. May 11, 2010) ("Given the relatively small size of the proposed [$5,000] recognition payments, the Court thus approves the recognition payments requested for both Carter and Lanasa"). The amount of the requested service payments were arrived at through negotiations with Defendants, and finalized after the scope of the injunctive relief for the Class. *See* Rivas Decl. ¶ 22. It thus reflects a realistic assessment by both sides of the effort expended by the named Plaintiffs and the amount likely to be awarded had the Parties not reached an agreement.

Plaintiff Lilly invested considerable time in the litigation as described in her declaration. *See id.* at Exh. 3. She took personal time to speak with her attorneys, search for relevant documents, review and approve the initial complaint for filing, provide information for her declarations submitted to the Court in connection with class certification, and keep abreast of the

12

1  litigation for over two years. Rivas Decl. at Exh. 3 ¶¶ 3-5. She also took time off from work to
2  meet with her lawyer in preparation for her deposition and to give testimony in response to
3  Defendants' notice of deposition. *Id.* at ¶ 4.

4  Plaintiff Cox invested considerable time in the litigation as described in his declaration.
5  *See* Godino Decl. at Exh. 2. He took personal time to speak with his attorneys, search for relevant
6  documents, review and approve the initial complaint for filing, provide information for his
7  declaration submitted to the Court in connection with class certification, and keep abreast of the
8  litigation for over two years. *Id.* at ¶¶ 3-5. He also met with his lawyers in preparation for his
9  deposition and gave testimony in response to Defendants' notice of deposition. *Id.* at ¶ 4.

10  This commitment of their personal time to support a case in which they had a modest
11  personal interest, but that has provided benefits to thousands of Settlement Class members and the
12  general public nationwide, warrants the Court's approval of the requested service payments.

### IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant their motion for an award of $425,000 in attorneys fees and expenses, and approval of service payments in the amount of $5,000 to each plaintiff.

Dated: April 9, 2015                    Respectfully submitted,

                               **FINKELSTEIN THOMPSON LLP**

                               /s/ *Rosemary M. Rivas*
                               Rosemary M. Rivas
                               One California Street, Suite 900
                               San Francisco, California 94111
                               Telephone: (415) 398-8700/Facsimile: (415) 398-8704

                               **GLANCY BINKOW & GOLDBERG LLP**
                               Marc L. Godino
                               1925 Century Park East, Suite 2100
                               Los Angeles, California 90067
                               Telephone: (310) 201-9150/Facsimile: (310) 201-9160

                               *Class Counsel*