# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA LILLY and DAVID COX, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMBA JUICE COMPANY and INVENTURE FOODS, INC., formerly known as The Inventure Group, Inc.,<br><br>Defendants. | Case No. 13-cv-02998 JST<br><br>**[PROPOSED] ORDER AWARDING ATTORNEY FEES, REIMBURSEMENT OF EXPENSES, AND APPROVAL OF SERVICE PAYMENTS**<br><br>Date: April 30, 2015<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. Jon S. Tigar |

1. This matter came before the Court on Plaintiffs' Motion for Award of Attorney Fees, Reimbursement of Expenses, and Approval of Service Payments. By separate order, the Court has determined that the proposed class action settlement for injunctive relief reached by the Parties in the Stipulation of Settlement and Release is fair, reasonable and adequate and is finally approved.

2. The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005) ("CAFA confers federal diversity jurisdiction over class actions . . . [.]"). In diversity actions, "state law governs both the right to recover attorney's fees and the computation of their amount." *Collado v. Toyota Motor Sales, U.S.A., Inc.*, 550 Fed. Appx. 368, 369 (9th Cir. 2013); *Gezalyan v. BMW of North America, LLC*, 697 F. Supp. 2d 1168, 1169 (C.D. Cal. 2010) (citing *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995)). As Plaintiffs' claims in this lawsuit are for alleged violations of California's consumer protection statutes, including the Consumers Legal Remedies Act, the False Advertising Law and the Unfair Competition Law, California state law has governed Plaintiffs' claims in this action and thus applies to Plaintiffs' motion for an award of attorney fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

3. Since the Court finds that Plaintiffs are the prevailing party, have obtained meaningful injunctive relief for the Class and the public, and otherwise meet the requirements of California Code of Civil Procedure § 1021.5, the Court finds that Finkelstein Thompson LLP and Glancy Binkow & Goldberg LLP, Class Counsel, are entitled to an award of attorneys' fees and costs in the aggregate amount of $425,000.00.

4. The Court applies California's lodestar method to calculate the appropriate attorneys' fees to be awarded to Class Counsel. *See Meister v. Regents of Univ. of California*, 67 Cal. App. 4th 437, 448-49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award unless the statutory authorization for the award provided for another method of calculation"); *Lealao v. Beneficial California, Inc.,* 82 Cal.App.4th 19, 26 (2000) ("the primary method for establishing the amount of 'reasonable' attorney fees [in fee-shifting cases] is the lodestar method").

I have reviewed the sworn testimony of Rosemary M. Rivas and Marc L. Godino as to the work conducted by Class Counsel, the hourly rates and the lodestar and find they are reasonable. Class Counsel's lodestar of $623,912.35 is a greater amount than the requested award of fees of $410,673.13 and therefore the Court finds that the requested fee award is reasonable.

5. The Court also finds that the request for reimbursement of expenses in the amount of $14,326.87 is reasonable as mandatory and discretionary costs pursuant to Cal. Civ. Proc. Code § 1033.5 and should be awarded. Accordingly, pursuant to Paragraph 5 of the Stipulation of Settlement and Release, Defendants shall pay Class Counsel a total of $425,000.00 for attorney fees and costs.

6. Furthermore, the Court finds that Plaintiffs' request for service payments of $5,000 each is appropriate. The Court has the discretion to award class representatives service payments for work they did on behalf of the class and the amount Plaintiffs request are within range of what has been approved. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases."); *see, e.g., Hopson v. Hanesbrands Inc.*, Case No. CV-08-0844 EDL, 2009 WL 928133, *10 (N.D. Cal. Apr. 3, 2009) ("In general, courts have found that $5,000 incentive payments are reasonable."); *Carter v. Anderson Merchandisers, LP*, Case No. EDCV 08-0025-VAP OPX, 2010 WL 1946757, *4 (C.D. Cal. May 11, 2010) ("Given the relatively small size of the proposed [$5,000] recognition payments, the Court thus approves the recognition payments requested for both Carter and Lanasa").

I have reviewed Plaintiffs' declarations and find that they should be awarded $5,000 each for their efforts.

**IT IS SO ORDERED.**

DATED:_____     _____
Honorable Jon S. Tigar
United States District Court Judge